JENIFER WALLIS (SBN 303343)
jwallis@munckwilson.com
**MUNCK WILSON MANDALA, LLP**
1925 Century Park East, Suite 2300
Los Angeles, California 90067
Telephone:   (310) 286-0377

ERROL J. KING, JR. (*admitted pro hac vice*)
Errol.King@phelps.com
**PHELPS DUNBAR LLP**
II City Plaza
400 Convention Street, Suite 1100
Baton Rouge, Louisiana 70802
Telephone:   (225) 376-0207

Attorneys for Defendants,
Viant, Inc. and MultiPlan, Inc.

MUNCK WILSON MANDALA
1925 Century Park East, Suite 2300
Los Angeles, California 90067

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| In re: Out of Network Substance Use Disorder Claims Against UnitedHealthcare | Case No. 8:19-cv-02075-JVS-DFM<br><br>(Hon. James V. Selna)<br><br>Consolidated with:<br>8:19-cv-02082　　8:19-cv-02083<br>8:19-cv-02084　　8:19-cv-02085<br>8:19-cv-02806　　8:19-cv-02087<br>8:19-cv-02088　　8:19-cv-02372<br>8:19-cv-00136　　8:19-cv-00137<br>8:19-cv-00138　　8:19-cv-00340<br>8:19-cv-00341　　8:19-cv-00356<br><br>**VIANT, INC.'S AND MULTIPLAN, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' CONSOLIDATED FIRST AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>**[Declaration of Errol J. King, Jr.]**<br><br>FAC Filed:　　March 19, 2020<br>Trial Date:　　None Set<br><br>Hearing Date:　July 27, 2020<br>Hearing Time:　1:30 p.m.<br>Courtroom:　　10C |

PD.28588163.1

**TO THE HONORABLE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** on July 27, 2020, at 1:30 p.m., or as soon thereafter as counsel may be heard, before the Honorable James V. Selna in Courtroom 10C of the Ronald Reagan Federal Building and United States Courthouse, located at 411 West 4th Street, Santa Ana, California 92701, Defendants, Viant, Inc. ("Viant") and MultiPlan, Inc. ("MultiPlan"), will and hereby do move the Court for an Order, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss the Consolidated First Amended Complaint ("FAC") filed by Plaintiffs, DR Recovery Encinitas, LLC, MMR Services, LLC, TML Recovery, LLC, Woman's Recovery, LLC, Kool Living, Inc., Pacific Palms Recovery, LLC, Inland Detox, Inc., Southern California Addiction Center, Inc., Addiction Health Alliance, LLC, Creative Care, Inc., JMG Investments, Inc., Valley Restoration Center Inc., Southern California Recovery Centers Oceanside, LLC, JD Recovery, LLC, and 12 South, LLC (collectively "Plaintiffs"), on the following grounds:

1.     Plaintiffs' first cause of action (Count I) for plan benefits under ERISA, 29 U.S.C. § 1132(a)(1)(B), fails to state a claim against Viant or MultiPlan upon which relief can be granted.

2.     Plaintiffs' second cause of action (Count II) for breach of written contract fails to state a claim against Viant or MultiPlan upon which relief can be granted.

3.     Plaintiffs' third cause of action (Count III) for breach of implied covenant of good faith and fair dealing fails to state a claim against Viant or MultiPlan upon which relief can be granted.

4.     Plaintiffs' fourth cause of action (Count IV) for breach of implied contract fails to state a claim against Viant or MultiPlan upon which relief can be granted.

5.     Plaintiffs' fifth cause of action (Count V) for breach of oral contract fails to state a claim against Viant or MultiPlan upon which relief can be granted.

6.     Plaintiffs' sixth cause of action (Count IV) for promissory estoppel fails to

MUNCK WILSON MANDALA
1925 Century Park East, Suite 2300
Los Angeles, California 90067

PD.28588163.1

state a claim against Viant or  MultiPlan upon which relief can be granted.

7.      Plaintiffs' seventh cause of action (Count VII) for unfair competition under California's Unfair Competition Law, Cal. Bus. & Prof. Code § 172000, *et seq.* ("UCL"), fails to state a claim against Viant or MultiPlan upon which relief can be granted.

8.      Plaintiffs' fourth, fifth, sixth, and seventh causes of action (Counts IV–VII) for breach of implied contract, breach of oral contract, promissory estoppel, and unfair competition are also preempted by ERISA, § 514.

This Motion is made following the conference of counsel pursuant to L.R. 7-3, which took place on April 24, 2020, via telephone conference, and is based on this Notice of Motion, Motion, the Memorandum of Points and Authorities attached, and the Declaration of Errol J. King, Jr. filed concurrently herewith, all pleadings on file with this Court, and on such oral argument as may be presented at the hearing on this matter.

DATED:  May 1, 2020                     **MUNCK WILSON MANDALA LLP**


By:   ___*/s/ Jenifer C. Wallis*___
       Jenifer C. Wallis

       and

       Errol J. King, Jr. (*admitted pro hac vice*)
       Phelps Dunbar LLP

       Attorneys for Defendants Viant, Inc. and
       MultiPlan, Inc.

MUNCK WILSON MANDALA
1925 Century Park East, Suite 2300
Los Angeles, California 90067

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES .................................................................................... iii

MEMORANDUM OF POINTS AND AUTHORITIES ............................................ 1

INTRODUCTION ................................................................................................... 1

BACKGROUND ..................................................................................................... 3

I.     Procedural History ...................................................................... 3

II.    Plaintiff's Allegations ................................................................ 5

LEGAL STANDARD FOR MOTION TO DISMISS ............................................ 6

ARGUMENT ........................................................................................................... 6

I.     Plaintiffs Fail To State A Viable Claim Under ERISA
(Count 1) ................................................................................... 6

     A.    Plaintiffs Lack Standing To Sue Under ERISA ......... 6

     B.    MultiPlan And Viant Are Not Proper ERISA
Defendants .................................................................. 8

     C.    Plaintiffs Fail To State A Plausible Claim For Plan
Benefits ..................................................................... 10

II.    ERISA Preempts Plaintiffs' State Law Claims .................................... 11

III.    Plaintiffs Fail To State A Claim For Breach Of Written
Contract (Count II) ................................................................... 12

     A.    Plaintiffs Do Not Plead Sufficient Facts To Establish
A Written Contract Or Breach Thereof ...................... 12

     B.    Plaintiffs Do Not Plead Sufficient Facts To Support A
Third-Party Beneficiary Theory ................................ 13

IV.    Plaintiffs Fail To State A Good Faith And Fair Dealing Claim
(Count III) ............................................................................... 14

V.    Plaintiffs Fail To State A Claim For Breach Of Implied Contract
(Count IV) ............................................................................... 15

MUNCK WILSON MANDALA
1925 Century Park East, Suite 2300
Los Angeles, California 90067

A.   Plaintiffs Do Not Plead Sufficient Facts To Support Claim For Breach Of Implied-In-Law Contract..........................................15

B.   Plaintiffs Do Not Plead Sufficient Facts To Support Claim For Breach Of Implied-In-Fact Contract..........................................17

VI.   Plaintiffs Fail To State A Cause For Breach Of Oral Contract Or Promissory Estoppel (Counts V–VI)..........................................18

VII.   Plaintiffs Fail To State A Claim For Unfair Competition (Count VII) ..18

CONCLUSION............................................................................................................19

DECLARATION OF ERROL J. KING, JR............................................................21

MUNCK WILSON MANDALA
1925 Century Park East, Suite 2300
Los Angeles, California 90067

PD.28588163.1

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*ABC Servs. Grp., Inc. v. United Healthcare Servs.*,
   2019 U.S. Dist. LEXIS 168445 (C.D. Cal. June 14, 2019).............................. 17, 18

*Advanced Women's Health Ctr., Inc. v. Anthem Blue Cross Life & Health
   Ins. Co.*,
   2014 U.S. Dist. LEXIS 100682 (E.D. Cal. July 23, 2014)......................................7

*Almont Ambulatory Surgery Ctr., LLC v. UnitedHealth Grp., Inc.*,
   99 F. Supp. 3d 1110 (C.D. Cal. 2015).................................................................7, 10

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009).................................................................................................6

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007).................................................................................................6

*Care First Surgical Ctr. v. ILWU-PMA Welfare Plan*,
   2014 U.S. Dist. LEXIS 165744 (C.D. Cali. July 28, 2014) ...................................7

*Casa Bella Recovery Int'l, Inc. v. Humana Inc.*,
   2017 U.S. Dist. LEXIS 207148 (C.D. Cal. Nov. 27, 2017) ............................. 17, 18

*Celestial Mechanix, Inc. v. Susquehanna Radio Corp.*,
   2005 U.S. Dist. LEXIS 7920 (C.D. Cal. Apr. 28, 2005).......................................15

*Creative Care, Inc., v. Gen. Life Ins., Co.*,
   2017 U.S. Dist. LEXIS 216871 (C.D. Cal. July 5, 2017) .......................................7

*Cty. Of Monterey v. Blue Cross of Cal.*,
   2019 U.S. Dist. LEXIS 120209 (N.D. Cal. July 18, 2019) .....................................9

*Emery v. Visa Int'l Serv. Assn.*,
   95 Cal. App. 4th 952 (2002) ........................................................................3, 18, 19

*Enloe Med. Ctr. v. Principal Life Ins. Co.*,
   2011 U.S. Dist. LEXIS 146194 (E.D. Cal. Dec. 19, 2011)............................. 16, 17

*Heritage Pacific Financial, LLC v. Monroy*,
   215 Cal. App. 4th 972 (2013).................................................................................14

MUNCK WILSON MANDALA
1925 Century Park East, Suite 2300
Los Angeles, California 90067

PD.28588163.1

*Hollister v. Benzl,*
   71 Cal. App. 4th 582 (1999) ....................................................................... 13

*Jones v. Aetna Cas. & Surety Co.,*
   26 Cal. App. 4th 1717 (1994) ..................................................................... 13

*Lee v. City of Los Angeles,*
   250 F.3d 668 (9th Cir. 2001) ....................................................................... 6

*Methodist Hosp. of S. Cal. v. Blue Cross of Cal.,*
   2011 Cal. Super. LEXIS 1491 (Cal. Super. Ct. Mar. 28, 2011) ........... 16, 17

*Ochs v. PacifiCare of Cal.,*
   115 Cal. App. 4th 782 (2004) ................................................................ 13, 14

*Pac. Bay Recovery, Inc. v. Cal. Physicians' Servs., Inc.,*
   12 Cal. App. 5th 200, 216 (2017) .......................................................... 17, 18

*Simi Surgical Ctr., Inc. v. Conn. Gen. Life Ins.*
   2017 U.S. Dist. LEXIS 224285 (C.D. Cal. Sept. 27, 2017) ................... 10, 11

*Spinedex Physical Therapy USA Inc. v. United Healthcare of Ariz., Inc.,*
   770 F.3d 1282 (9th Cir. 2014) ..................................................................... 8

*Vyas v. Vyas,*
   2017 U.S. Dist. LEXIS 222336 (C.D. Cal. May 8, 2017) ............................ 9

*Wal-Noon Corp. v. Hill,*
   45 Cal. App. 3d 605 (1975) ......................................................................... 2

*Waller v. Truck Ins. Exch., Inc.,*
   11 Cal. 4th 1 (1995) .................................................................................. 15

*In re Wellpoint,*
   865 F. Supp. 2d 1002(C.D. Cal. 2011) ........................................................ 9

**Statutes**

Cal. Civ. Code § 1559 .................................................................................... 13

Cal. Bus. & Prof. Code § 172000, *et seq.* ................................................... 3, 3

ERISA, 29 U.S.C. § 1132(a)(1)(B) .......................................................*passim*

ERISA, 29 U.S.C. § 1132(g)(1) ...................................................................... 5

MUNCK WILSON MANDALA
1925 Century Park East, Suite 2300
Los Angeles, California 90067

PD.28588163.1

ERISA, § 514 ..................................................................................... 3, 2, 11

**Other Authorities**

Federal Rules of Civil Procedure Rule 12(b)(6) ...................................... *passim*

L.R. 7-3 .............................................................................................. 3

MUNCK WILSON MANDALA
1925 Century Park East, Suite 2300
Los Angeles, California 90067

MUNCK WILSON MANDALA
1925 Century Park East, Suite 2300
Los Angeles, California 90067

## MEMORANDUM OF POINTS AND AUTHORITIES[1]

Defendants, Viant, Inc. ("Viant") and MultiPlan, Inc. ("MultiPlan" and together with Viant sometimes referred to as "MultiPlan")[2], respectfully submit this Memorandum of Points and Authorities in support of their Motion to Dismiss the Consolidated First Amended Complaint ("FAC") filed by Plaintiffs, DR Recovery Encinitas, LLC, MMR Services, LLC, TML Recovery, LLC, Woman's Recovery Center, LLC, Kool Living, Inc., Pacific Palms Recovery, LLC, Inland Detox, Inc., Southern California Addiction Center, Inc., Addiction Health Alliance, LLC, Creative Care, Inc., JMG Investments, Inc., Valley Restoration Center Inc., Southern California Recovery Centers Oceanside, LLC, JD Recovery, LLC, and 12 South, LLC (collectively "Plaintiffs"), pursuant to Fed. R. Civ. P. 12(b)(6) (the "Motion"), as follows:

## INTRODUCTION

Despite its more than 100 pages of allegations, the FAC, like Plaintiffs' Original Complaints, fails to set forth sufficient facts to establish the essential elements of their various claims against MultiPlan. Rather than cure the defects in their Original Complaints, Plaintiffs acknowledge that their contract and implied covenant claims are preempted as to ERISA plans, and otherwise repeat and rely on the same generic, catchall allegations that fail to state a plausible claim. Indeed, many of the allegations and claims contained in the FAC, several of which were previously dismissed by the Court in its Order Regarding Motions to Dismiss dated February 21, 2020 (the "Order") [Rec. Doc. # 35], are essentially the same as those set forth in Plaintiffs' Original

---

[1] Unless otherwise indicated, this Memorandum uses the same defined terms as set forth in the Memorandum of Points and Authorities in Support of Viant's and MultiPlan's Motions to Dismiss Plaintiffs' Original Complaints Pursuant to Fed. R. Civ. P. 12(b)(6) [Rec. Doc. # 23], all emphasis herein is added, and all internal quotation marks, alterations, and citations are omitted herein.

[2] MultiPlan and Viant are related companies. Viant is a wholly-owned subsidiary of MultiPlan.

Complaints. ***The only substantive changes made by Plaintiffs in the FAC are the addition of a new cause of action for plan benefits pursuant to ERISA, 29 U.S.C. § 1132(a)(1)(B), and the elimination of the quantum meruit cause of action.***

However, to successfully state a claim for plan benefits under ERISA, § 1132(a)(1)(B), Plaintiffs must (a) have standing to sue under ERISA, (b) assert their claims against the proper ERISA defendant(s), and (c) allege facts establishing the existence of an ERISA plan. Here, Plaintiffs' new cause of action for ERISA benefits fails at the outset because Plaintiffs do not and cannot demonstrate that they have obtained a valid assignment of benefits that confers upon them derivative standing to sue under ERISA, or that Viant and MultiPlan are fiduciaries or plan administrators, and thus, proper defendants under ERISA. Perhaps more importantly, Plaintiffs' FAC is completely devoid of any facts to establish the existence of ***each*** ERISA plan at issue. The failure to plead such facts is fatal — not only to Plaintiffs' newly-added claim under ERISA, § 1132(a)(1)(B) (Count I), but also to Plaintiffs' claims for breach of written contract and breach of the implied covenant of good faith and fair dealing (Counts II and III), which are premised upon the existence and terms of the ERISA plans.

Plaintiffs' remaining causes of action (Counts IV–VII) are similarly deficient — in addition to being preempted by ERISA, § 514 — because they are not supported by plausible allegations of fact. For example, Plaintiffs' claim for breach of implied contract (Count IV) fails because there cannot be a valid written contract and implied contract, each embracing the same subject matter, existing at the same time. *Wal-Noon Corp. v. Hill*, 45 Cal. App. 3d 605, 613 (1975). Additionally, while Plaintiffs continue to rely on the same allegations of network inadequacy and preauthorization/verification of benefits by the United Defendants, this Court has squarely rejected both theories, finding that such routine preauthorization communications and such "network gap" allegations do not establish the existence of an implied contract. [*See* Order, Rec. Doc. # 35, p. 13 (citing *Tenet Healthsystem Desert, Inc. v. Fortis Ins. Co.,* 520 F. Supp. 2d 1184, 1194 (C.D. Cal. 2007) and *Casa Bella Recovery Int'l, Inc. v. Humana, Inc.*, 2017

MUNCK WILSON MANDALA
1925 Century Park East, Suite 2300
Los Angeles, California 90067

WL 6030260, at *4 (C.D. Cal. Nov. 27, 2017))].

Meanwhile, other courts have recognized that an unfair competition claim under Cal. Bus. & Prof. Code § 172000, *et seq.* ("UCL") (Count VII) must be based on plausible allegations demonstrating the defendant's personal participation in and unbridled control over the misconduct conduct alleged. *See Emery v. Visa Int'l Serv. Assn.*, 95 Cal. App. 4th 952, 960 (2002). However, such allegations, at least as to MultiPlan, are also completely absent from Plaintiffs' FAC.

Finally, while Plaintiffs purport to allege a civil conspiracy and aiding and abetting liability as to Viant and MultiPlan, the FAC is bereft of any of the details this Court found missing from Plaintiffs' initial pleadings and offers nothing more than a verbatim regurgitation of the cursory, boilerplate-type allegations of civil conspiracy and aiding abetting contained in the Original Complaints. In particular, the FAC is devoid of any facts demonstrating that MultiPlan had "actual knowledge" of any tortious conduct, much less that MultiPlan substantially assisted in, encouraged, or otherwise intended to aid in the commission of such acts. Accordingly, Plaintiffs cannot establish their claims as to MultiPlan based on a conspiracy or aiding and abetting theory of liability.

For these reasons, and for the reasons discussed more fully below, as well as for the reasons set forth in the United Defendants' Motion to Dismiss Plaintiffs' FAC, which is adopted and incorporated as if fully set forth herein, Plaintiffs' FAC should be dismissed in its entirety, with prejudice and without leave to amend, for failure to state a claim upon which relief can been granted.

## **BACKGROUND**

### I.   **Procedural History**

Plaintiffs initiated the instant suit on September 20, 2019, when they filed their Original Complaints in the Superior Court of the State of California for the County of Orange, against MultiPlan, Viant, and multiple United entities, seeking reimbursement for healthcare services it allegedly provided to United's insureds under various contract,

MUNCK WILSON MANDALA
1925 Century Park East, Suite 2300
Los Angeles, California 90067

quasi-contract, and tort theories. On October 31, 2019, United removed the cases to this Court on the basis of federal question jurisdiction, and in particular, complete preemption pursuant to ERISA, § 502(a), asserting that "at least some of the claims" at issue "relate to patients who are covered by ERISA-governed employee benefit plans." [Rec. Doc. 1, ¶ 7; *see also* ¶ 8 and exhibits thereto]. On December 30, 2019, all Defendants filed their initial Motions to Dismiss challenging the sufficiency of Plaintiffs' claims. [Rec. Doc. # 23]. On February 21, 2020, this Court issued an Order granting in part and denying in part Defendants' initial Motions to Dismiss. [Order, Rec. Doc. # 35, p. 22].

As relevant here, the Court dismissed Plaintiffs' claims for breach of written contract, breach of implied covenant of good faith and fair dealing, and breach of implied contract. [*See id.* p. 22]. Specifically, the Court determined that Plaintiffs failed to state a claim for breach of written contract because Plaintiffs' allegations were "conclusory and [did] not provide sufficient factual detail as to the type of treatment involved and the substance of the policies' relevant terms." [*Id.* p. 11]. Plaintiffs' breach of implied covenant of good faith and fair dealings claim was similarly dismissed because the factual allegations supporting it "merely restate[d] the claims supporting the breach of written contract cause of action." [*Id.* p. 12]. Finally, the Court held that the breach of implied contract claim was insufficiently pled because Plaintiffs did not establish that they "had come to any spoken or unspoken agreement with [the defendants]," and that "routine preauthorization communications about the terms of insurance polices do not, as a matter of law, create an implied contract" [*Id.* p. 13]. The Court also noted Plaintiffs' failure to point to any legal authority to support its argument that an alleged gap in United's network created an implied contract. [*Id.*].

On March 19, 2020, Plaintiffs filed their FAC, in which they attempted to reassert six causes of action from their Original Complaints, including the exact same breach of written contract, breach of implied covenant of good faith and fair dealing, breach of implied contract and statutory unfair competition claims, without including any

MUNCK WILSON MANDALA
1925 Century Park East, Suite 2300
Los Angeles, California 90067

additional facts regarding MultiPlan's personal participation in the misconduct alleged and without remedying any of the deficiencies identified by the Court in its February 21st Order. Plaintiffs also attempted to add a new cause of action for ERISA plan benefits under 29 U.S.C. § 1132(a)(1)(B), but failed to include sufficient facts to establish the existence and terms of each ERISA plan at issue, much less facts to establish that Plaintiffs have standing to sue for plan benefits under ERISA or that Viant and MultiPlan are proper defendants under ERISA. Accordingly, Plaintiffs' FAC is legally deficient as to MultiPlan and should be dismissed as a matter of law, and with prejudice, pursuant to Rule 12(b)(6).

## II. **Plaintiffs' Allegations**

Because this Court is familiar with the factual background of the case from the parties' prior briefing, and because many of Plaintiffs' allegations remain unchanged (with the exception stylistic alterations), Defendants will recite only those facts relevant to Plaintiffs' newly-added ERISA claim.

In their first cause of action for plan benefits pursuant to ERISA § 502(a)(1)(B), Plaintiffs seek to recover benefits and to enforce and clarify their rights to benefits as assignees of their patients' ERISA benefits plans. [FAC, Rec. Doc. # 39, ¶ 198]. According to the FAC, Defendants breached their obligation under the plans "to pay Plaintiffs the applicable percentage of their covered charges" by refusing to "provide coverage, reimbursement, payment and/or benefits for the [treatment and services] that Plaintiffs rendered to Defendants' insured." [*Id.* ¶¶ 201, 205]. Plaintiffs further contend that they are deemed by law to have exhausted their administrative remedies because the defendants "failed to process Plaintiffs' claims in a manner consistent with ERISA." [FAC, Rec. Doc. # 39, ¶ 204]. As a result of Defendants' alleged actions, Plaintiffs claim that they "have been damaged in an amount equal to the amount of benefits Plaintiffs should have received and to which the patient insureds would have been entitled had Defendants paid the proper amounts." Plaintiffs further claim that that they are entitled to an award of attorneys' fees under 29 U.S.C. § 1132(g)(1).

MUNCK WILSON MANDALA
1925 Century Park East, Suite 2300
Los Angeles, California 90067

## **LEGAL STANDARD FOR MOTION TO DISMISS**

To survive a motion to dismiss under Rule 12(b)(6), the complaint must contain "sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its own face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim has "facial plausibility when the plaintiff pleads factual content [that] allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 663 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). In evaluating the sufficiency of a complaint under Rule 12(b)(6), courts must accept as true all well-pleaded allegations and draw all reasonable inferences in favor of the nonmoving party; however, they need not assume the truth of legal conclusions merely because they are cast in the form of factual assertions. *Twombly*, 550 U.S. at 555.

While "detailed factual allegations" generally are not required, the complaint must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A complaint that offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" is not sufficient to defeat a motion to dismiss under Rule 12(b)(6). *Twombly*, 550 U.S. at 555. Nor is a complaint sufficient if it tenders only "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. It is also well-established that, in deciding a motion to dismiss under Rule 12(b)(6), courts typically "may not consider any material beyond the pleadings." *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). There is a recognized exception, however: courts may also consider documents on which "the plaintiff's complaint necessarily relies" and whose "authenticity is not contested," even if those documents are not physically attached to the complaint. *Id.*

## **ARGUMENT**

### I.   **Plaintiffs Fail To State A Viable Claim Under ERISA (Count I).**

####    A.   **Plaintiffs Lack Standing To Sue Under ERISA.**

Plaintiffs do not fall within any of the enumerated categories of persons that have

MUNCK WILSON MANDALA
1925 Century Park East, Suite 2300
Los Angeles, California 90067

direct standing to sue under ERISA. Nor do Plaintiffs adequately plead any valid assignments of benefits that would grant them derivative standing. ERISA confers direct standing to recover benefits or to enforce rights under the terms of the plan upon participants or beneficiaries. *Advanced Women's Health Ctr., Inc. v. Anthem Blue Cross Life & Health Ins. Co.,* 2014 U.S. Dist. LEXIS 100682, *7 (E.D. Cal. July 23, 2014). A "beneficiary" is defined as a person designated by a participant, or by the terms of an employee benefit plan, who is or may become entitled to a benefit thereunder. *Id.* at *8. Health care providers, such as Plaintiffs, are neither participants nor beneficiaries. *Id.* However, a health care provider may have derivative standing to pursue a claim for ERISA benefits if it was assigned the right to reimbursement by an ERISA plan participant or beneficiary. *See Almont Ambulatory Surgery Ctr., LLC v. UnitedHealth Grp., Inc.,* 99 F. Supp. 3d 1110, 1128 (C.D. Cal. 2015). "Only an express and knowing assignment" is valid. *Care First Surgical Ctr. v. ILWU-PMA Welfare Plan*, 2014 U.S. Dist. LEXIS 165744 at *34 (C.D. Cali. July 28, 2014). Accordingly, the FAC must demonstrate that Plaintiffs obtained valid assignments of benefits that specifically grants Plaintiffs to right to sue for reimbursement.

To determine whether valid assignment exists and the scope thereof, a court "must look to the language of an ERISA assignment itself." *Id.* This requires Plaintiffs to quote language from the purported assignment or attach a copy of the agreement containing the assignment. *See Creative Care, Inc., v. Gen. Life Ins., Co.,* 2017 U.S. Dist. LEXIS 216871 (C.D. Cal. July 5, 2017) (holding that the plaintiff failed to establish standing because it neither quoted from the purported assignment's language or attached a copy of the agreement containing the alleged assignment). Here, the FAC merely contains a conclusory statement that Plaintiffs are "assignees of insureds' benefits under the ERISA plans," and, as such, "Plaintiffs have standing to pursue" their ERISA claim. [FAC, Rec. Doc. # 39, ¶ 198]. Plaintiffs do not attach or even quote any of the purported assignments to make this naked assertion plausible. Thus, Plaintiffs fail to illustrate to the Court that they have obtained valid assignments that specifically grant

MUNCK WILSON MANDALA
1925 Century Park East, Suite 2300
Los Angeles, California 90067

them the right to recover benefits. Accordingly, Plaintiffs have not established derivative standing, and Plaintiffs' ERISA claim must be dismissed as a matter of law.

### B.    MultiPlan And Viant Are Not Proper ERISA Defendants.

In determining whether one is a proper ERISA defendant, the Ninth Circuit distinguishes claims for the recovery of benefits and claims for improper denial of benefits. *See Spinedex Physical Therapy USA Inc. v. United Healthcare of Ariz., Inc.*, 770 F.3d 1282 (9th Cir. 2014). A claim to recover plan benefits can only be brought against the plan as an entity and a fiduciary of the plan, while a claim a for improper denials can be brought against a broader range of individuals including – ERISA plans, formally designated plan administrators, insurers, or other entities responsible for payment of benefits, and de facto plan administrators that improperly deny or cause improper denial of benefits. *Id.* at 1297. ERISA defines a fiduciary as "an entity that exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of assets … [or] has any discretionary authority or discretionary responsibility in the administration of such plan." *Spinedex,* 770 F.3d at 1298 (citing 29 U.S.C. § 1002(21)(A)).

In the FAC, Plaintiffs readily admit that their first cause of action "seeks to recover benefits." [*See* FAC, Rec. Doc. # 39, ¶ 198]. However, Plaintiffs do not even attempt to allege that MultiPlan are the ERISA plans or the fiduciaries of the ERISA plans at issue. Plaintiffs do not allege, for example, that MultiPlan (i) drafted and provided plan members with plan documents; (ii) operated a centralized verification and authorization telephone number which handled calls for members of the ERISA plans; (iii) received and processed electronic bills from Plaintiffs for claims for members of the ERISA plans; (iv) interpreted ERISA plan language; (v) issued remittance advices and EOBs; (vi) communicated with Plaintiffs with respect to the processing of claims on behalf of the ERISA plans; (vii) processed appeals, and sent appeal response letters; and (vii) issued payment to Plaintiffs, which are facts that courts

- 8 -

in this Circuit have recognized as sufficient to demonstrate that a defendant "effectively controlled the decision of whether to honor or deny the claim" and thus is a plan fiduciary under ERISA. *See Cty. Of Monterey v. Blue Cross of Cal.,* 2019 U.S. Dist. LEXIS 120209 at *15 (N.D. Cal. July 18, 2019). Instead, Plaintiffs allege only that "Defendants, and each of them, control the decision whether to honor or deny claims, and/or has responsibility to pay the claims" [FAC, Rec. Doc. # 35, ¶ 199]. This conclusory allegation, without more, is not sufficient to impose fiduciary status on Viant or MultiPlan.

Plaintiffs also appear to suggest that Viant and MultiPlan are proper defendants under ERISA by labeling all Defendants as "the designated plan administrators" and by conclusively alleging that "Defendants, and each of them, also play the role as the *de facto* plan administrator." [FAC, Rec. Doc. # 39, ¶ 199]. Courts deciding similar issues have rejected allegations of this same conclusory nature. For example, in *In re Wellpoint*, 865 F. Supp. 2d 1002, 1045(C.D. Cal. 2011), this Court held that it is not enough to simply allege that the defendant "assumed or played the role of an administrator as defined in ERISA or 'alternatively that [the defendants] acted as the *de facto* Plan Administrator by evaluating claims, interpreting and applying plan terms, and making reimbursement determinations." Similarly, in *Vyas v. Vyas*, 2017 U.S. Dist. LEXIS 222336, *28 (C.D. Cal. May 8, 2017), the plaintiff failed to provide this Court with the instrument that specifically designated the defendant with the authority of plan administrator or the writing where the defendant was delegated any such authority. As a result, the Court held that the plaintiff had not sufficiently alleged that the defendant was the designated plan administrator as defined by ERISA. *See id.* at *28.

Plaintiffs' allegations mirror those of *Wellpoint* and *Vyas* in that Plaintiffs do not offer any facts whatsoever to support their contention that any of the Defendants, much less Viant or MultiPlan, "serve as designated administrators" and "play the role of *de facto* plan administrator." [*See* FAC, Rec. Doc. # 39, ¶ 199]. Plaintiffs also do not provide the Court with any instrument that actually designates Viant or MultiPlan as

MUNCK WILSON MANDALA
1925 Century Park East, Suite 2300
Los Angeles, California 90067

- 9 -

plan administrator — nor can they, as Viant and MultiPlan are not payors or plan administrators.[3] For these reasons, Plaintiffs' first cause of action against Viant and MultiPlan must be dismissed because Plaintiffs do not, and simply cannot, show that Viant and MultiPlan are proper defendants under ERISA.

## C. Plaintiffs Fail To State A Plausible Claim For Plan Benefits.

To state a claim for benefits under ERISA § 1132(a)(1)(B), Plaintiffs must allege facts that establish the existence of an ERISA plan, as well as the provisions of the plan that entitles it to benefits. *See Almont Ambulatory Surgery Ctr., LLC v. UnitedHealth Grp., Inc.,* 99 F. Supp. 3d at 1155. "A plan is established if a reasonable person can ascertain the intended benefits, a class of beneficiaries, the source of financing, and procedures for receiving benefits. Failure to identify the controlling ERISA plans makes a complaint unclear and ambiguous." *Id.* (citing *Forest Ambulatory Surgical Associates, LP v. United HealthCare Ins. Co.,* 10-CV-04911-EJD, 2011 U.S. Dist. LEXIS 75433, at *5 (N.D. Cal. 2011)). When an ERISA claim concerns multiple patients and, thus, multiple plans, as is the case here, the plaintiff should plead sufficient facts to establish the existence of ***each*** plan. *See Simi Surgical Ctr., Inc. v. Conn. Gen. Life Ins.* 2017 U.S. Dist. LEXIS 224285 at *10 (C.D. Cal. Sept. 27, 2017) (explaining that "simply alleging that the plans for the 100 patients are employer and employee funded does not establish the financing for those plans, especially when there could be 100 different plans at issue, and thus 100 different plan sponsor and terms").

In the instant case, it is not plausible to assume that all 1,306 insureds have insurance plans that contain the same terms. In particular, Plaintiffs do not show that for each plan, the terms: "(1) provide coverage for each of the procedures at issue in

[3] As stated above, Viant and MultiPlan are not health insurers, payors or plan administrators. Rather, Viant and MultiPlan are non-risk bearing preferred provider organizations ("PPOs"). MultiPlan and Viant, related but operating independently, build networks of providers on one hand who agree to provide discounts off their claims for medical services rendered. On the other hand, Viant and MultiPlan contract with health insurance payors to provide them access to the network of providers.

this case; and (2) dictate that these covered services would be paid according to a specific reimbursement rate.., which must be specified." *Id.* (citing *Almont Ambulatory Surgery Ctr., LLC v. UnitedHealth Grp., Inc.,* 99 F. Supp. 3d at 1159). Instead, Plaintiffs generally allege that "Defendants were obligated" under the plans "to pay Plaintiffs the applicable plan percentage of their covered charges." [FAC, Rec. Doc. # 39, ¶ 201]. Plaintiffs then allege that all 1,306 plans require Defendants to pay "between 50% to 90% of covered charges" less "any outstanding insured cost-sharing amounts […] until the insured's nominal annual out-of-pocket maximum is met at which time Defendants pay 100%." [*Id.*]. This grouping of the 1,306 plans does not dictate the ***specific*** reimbursement rate of ***each individual plan***. As such, Plaintiffs fail to establish the existence of any ERISA plan or the terms that obligate Defendants to reimburse Plaintiffs.

Similarly, for the reasons set forth in §§ III.A.2 and 3 of the United Defendants' Motion to Dismiss Plaintiffs' FAC, which are adopted and incorporated as if fully set forth herein, Plaintiffs also fail to sufficiently allege exhaustion of administrative remedies, and they ignore plan prerequisites and other terms, including the existence of any anti-assignment provisions. Plaintiffs therefore fail to plausibly allege a claim for benefits under 29 U.S.C. § 1132(a)(1)(B), and their first cause of action (Count I) must be dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6).

## II.   ERISA Preempts Plaintiffs' State Law Claims.

ERISA, § 514 preempts Plaintiffs' state law claims for breach of implied contract, breach of oral contract, promissory estoppel, and unfair competition (Counts IV–VII). Although the Court has previously ruled certain of Plaintiffs' claims were not preempted, MultiPlan respectfully requests the Court reconsider its ruling because, unlike Plaintiffs' Original Complaints, the FAC expressly seeks claims for benefits under the terms of ERISA plans. MultiPlan specifically adopts and incorporates the arguments set forth in §§ III.B of the United Defendants' Motion to Dismiss Plaintiffs' FAC, as if fully set forth herein.

**III.** **Plaintiffs Fail To State A Claim For Breach Of Written Contract (Count II).**

    **A.** **Plaintiffs Do Not Plead Sufficient Facts To Establish A Written Contract Or Breach Thereof.**

California law requires Plaintiffs to allege facts that illustrate: (1) the existence of a contract with Viant and/or MultiPlan; (2) Plaintiffs' performance or excuse for nonperformance; (3) Viant and/or MultiPlan's breach; and (4) the resulting damages to Plaintiffs. *See Buchanan*, 2010 U.S. Dist. LEXIS 130511 at *14. This Court previously dismissed Plaintiffs' breach of written contract claim because Plaintiffs failed to sufficiently allege the first element, the existence of a contract. [*See* Order, Rec. Doc. # 35, p. 10]. Plaintiffs' FAC fares no better and contains the same deficiencies identified in the Court's order. The FAC merely reiterates the exact allegations that the Court deemed as conclusory – that "Defendants were obligated" to "pay Plaintiffs the applicable plan percentage of their covered charges (between 50% to 90% of covered charges […] (minus any outstanding insured cost-sharing amounts)) until the insured's nominal annual out-of-pocket maximum is met at which time Defendants pay 100%)". [FAC, Rec. Doc. # 39, ¶ 216].

The Court explained that Plaintiffs are required to set forth the language of the contract between Viant and/or MultiPlan and Plaintiffs in the body of the complaint or attach a copy as an exhibit and incorporate it by proper reference. [*See* Order, Rec. Doc. # 35, p. 10 (citing *Holly Sugar Corp. v. Johnson* 18 Cal. 2d 218, 225 (1941)("a written instrument which is the foundation of a cause of action may be pleaded in haec vaerba, rather than according to its legal effect, either by setting forth a copy in the body of the complaint or by attaching a copy as an exhibit and incorporating it by proper reference"))]. The FAC, like the Original Complaints, contain neither. Rather, Plaintiffs attempt (and fail) to salvage this claim by providing a list of the treatments and services that were allegedly provided by Plaintiffs. While this could possibly provide enough detail as to the types of treatments involved, it does not provide any detail whatsoever regarding the existence and terms of the policies at issue. Accordingly, for these reasons

MUNCK WILSON MANDALA
1925 Century Park East, Suite 2300
Los Angeles, California 90067

and for the reasons set forth in Viant and MultiPlan's Motion to Dismiss Plaintiffs' Original Complaints [Rec. Doc. # 23], Plaintiffs second cause of action fails because Plaintiffs still do not allege facts to establish the first element of their breach of contract claim — namely, the existence and terms of the written contract(s) at issue.

**B.    Plaintiffs Do Not Plead Sufficient Facts To Support A Third-Party Beneficiary Theory.**

Plaintiffs' claim for breach of written contract also fails because Plaintiffs have not established that they qualify as a beneficiary under the benefit plans. Under California Civil Code § 1559, "[a] contract, made expressly for the benefit of a third person, may be enforced by him at any time before the parties thereto rescind it." A third party may qualify as a beneficiary under a contract "when it appears from the terms of the contract itself that the contracting parties intended to benefit the third party." *Ochs v. PacifiCare of Cal.*, 115 Cal. App. 4th 782, 795 (2004). However, it is well-settled that § 1559 "excludes enforcement of a contract by persons who are only incidentally or remotely benefited by it." *Jones v. Aetna Cas. & Surety Co.*, 26 Cal. App. 4th 1717, 1724 (1994).

At least one California court has dismissed a claim for breach of contract based on allegations of third-party beneficiary status by a non-contracted health care provider against its patient's health care service plan. *See Ochs*, 115 Cal. App. at 795–96. In so ruling, the court stated that "a health care service provider's agreement to pay for medical care" is generally "intended to benefit the enrollees, not treating physicians with whom there is no contractual relationship," and that "[u]nder ordinary circumstances, noncontracting health care providers […] would be only incidental beneficiaries of a contractual agreement to pay for an enrollee's medical care." *Id.* at 795. The court then held that, because the provider's complaint did "not allege a more specific agreement that might support a third party beneficiary theory," his third-party beneficiary breach of contract claim was properly dismissed. *Id.* at 795–96. *See also Hollister v. Benzl*, 71 Cal. App. 4th 582, 586–87 (1999).

MUNCK WILSON MANDALA
1925 Century Park East, Suite 2300
Los Angeles, California 90067

Plaintiffs, like the provider in *Ochs*, have failed to plead "a more specific agreement" or any other facts that would allow it to escape the established law on this point and recover damages as a third-party beneficiary of its patients' policies. While Plaintiffs generally allege that "Defendants and their insureds intended that Plaintiffs directly benefit from the health insurance plans," and that "the plans indicate the intent to benefit Plaintiffs by payment for the services provided to Defendants' insureds" [FAC, Rec. Doc. # 39, ¶ 221], these allegations do not plead the requisite policy terms or reflect a "careful" and "comprehensive analysis" of them. *See Heritage Pacific Financial, LLC v. Monroy*, 215 Cal. App. 4th 972, 993 (2013). Moreover, Plaintiffs' allegation that the policies at issue provide insureds with the option of seeking out-of-network treatment [*see* FAC, Rec. Doc. # 39, ¶ 222] fails to show that those policies are somehow different from other contracts of insurance, which do not seek to benefit non-contracting providers that have chosen to have no contractual relationship with Defendants. *See Ochs*, 115 Cal. App. 4th at 795. In fact, as Plaintiffs' own allegations make clear, the aim of the policies is not to benefit out-of-network providers like Plaintiffs, but rather to discourage insureds from using out-of-network providers by establishing lower reimbursement rates and higher insured cost-shares when such providers are used. [*See* FAC, Rec. Doc. # 39 ¶¶ 169-170, 173].

Finally, Defendants' purported conduct in paying certain of Plaintiffs' claims does not make Plaintiffs third-party beneficiaries of their patients' policies with the right to enforce those policies as if they were a party in privity. [*See id.* ¶ 224]. Rather, Plaintiffs' third-party beneficiary status must be evident from "the terms of the contract itself," and in the instant case, there are no allegations indicating that is the case. *Ochs*, 115 Cal. App. 4th at 795. For these reasons, and those previously stated, Plaintiffs' second cause of action does not state a claim for breach of written contract.

## IV. <u>Plaintiffs Fail To State A Good Faith And Fair Dealing Claim (Count III).</u>

Plaintiffs' third cause of action for breach of the implied covenant of good faith and fair dealing once again fails because it is based on the same allegations as Plaintiffs'

MUNCK WILSON MANDALA
1925 Century Park East, Suite 2300
Los Angeles, California 90067

breach of written contract claims. Plaintiffs merely restate their claim for breach of written contract by relying on the same alleged acts — that Defendants breached their implied covenant of good faith and fair dealing by, "withholding proper claim payments from Plaintiffs, making unreasonable demands on Plaintiffs, not engaging in a prompt full and complete investigation of Plaintiffs' claims, and interpreting the plans in an unduly restrictive manner so as to deny coverage and benefits." [FAC, Rec. Doc. # 39, ¶ 235]. This allegation is verbatim the same as the conduct that Plaintiffs alleged constitutes breach of written contract. [*Id.* ¶¶ 218, 228]. Furthermore, the two causes of action seek the exact same damages — "economic losses, including the benefits owed under the health insurance plans […] lost business opportunities, lost profits, and other general, incidental and consequential damages, in amounts according to proof at trial," and "statutory and prejudgment interest." [*Id.* ¶¶ 219, 229, 239]. For this reason alone, Plaintiffs' third cause of action fails.

Moreover, Plaintiffs claim should also be dismissed because they do not allege any facts to suggest that Viant or MultiPlan made any promise whatsoever to Plaintiffs, which is "an essential prerequisite to the existence of the implied covenant of good faith and fair dealing." *Celestial Mechanix, Inc. v. Susquehanna Radio Corp.*, 2005 U.S. Dist. LEXIS 7920 at *27 (C.D. Cal. Apr. 28, 2005). Nor have Plaintiffs alleged that they are in privity of contract with Viant or MultiPlan, that they have standing to sue Viant or MultiPlan as a third-party beneficiary of its patients' policies, or that Viant or MultiPlan was a party to or otherwise involved in the issuance or administration of those policies. Under these circumstances, and without a contract to sue on, "there can be no action for breach of the implied covenant of good faith and fair dealing because the covenant is based on the contractual relationship[.]" *See Waller v. Truck Ins. Exch., Inc.*, 11 Cal. 4th 1, 36 (1995). Accordingly, Plaintiffs' third cause of action must be dismissed as against Viant and MultiPlan.

**V.    Plaintiffs Fail To State A Claim For Breach Of Implied Contract (Count IV).**

California law recognizes two types of implied contracts: "contracts are implied

MUNCK WILSON MANDALA
1925 Century Park East, Suite 2300
Los Angeles, California 90067

in law where the equitable theory that a contract to pay for services rendered is implied by law for reasons of justice; and contracts are implied in fact where the parties' actions evince an intention to create a binding contract." *Enloe Med. Ctr. v. Principal Life Ins. Co.*, 2011 U.S. Dist. LEXIS 146194, *13–14 (E.D. Cal. Dec. 19, 2011). The elements of a claim for breach of a contract implied-in-law are two-fold: "(1) [d]efendant used for its benefit property of plaintiff; and (2) in such manner and under circumstances that the law will impose a duty of compensation therefore." *Methodist Hosp. of S. Cal. v. Blue Cross of Cal.*, 2011 Cal. Super. LEXIS 1491, *5 (Cal. Super. Ct. Mar. 28, 2011).

### A. Plaintiffs Do Not Plead Sufficient Facts To Support Claim For Breach of Implied-In-Law Contract.

Plaintiffs appear to assert a claim for breach of implied-in-law contract based on an unnamed, unidentified "California law" that allegedly requires an insurer to "secure the services of" out-of-network providers, such as Plaintiffs, and pay those providers the same amounts it would have paid to an in-network provider for services rendered to a patient who is unable to obtain treatment from an in-network provider due to a gap in the insurer's network. [*See* FAC, Rec. Doc. # 39, ¶¶ 183, 249]. To this end, Plaintiffs contend that a network gap existed with respect to the 1,306 patients at issue, and suggests that when it treated those patients, an implied-in-law contract was created between Plaintiffs and Defendants, which requires Defendants to reimburse Plaintiffs for the services rendered. [*Id.* ¶¶ 249–50]. However, Plaintiffs do not identify the pertinent statute or regulation, much less allege any facts to suggest that it applies to Viant or MultiPlan. Plaintiffs also fail to allege what services they provided to any of the patients at issue, when they performed those services, when or how much they were paid, how Plaintiffs' provision of services benefitted Viant or MultiPlan, or how the conduct of Viant or MultiPlan violated statutory standards. Absent these required facts, Plaintiffs cannot state a claim against Viant or MultiPlan for breach of a contract implied in law.

MUNCK WILSON MANDALA
1925 Century Park East, Suite 2300
Los Angeles, California 90067

- 16 -

**B.    Plaintiffs Do Not Plead Sufficient Facts To Support Claim For Breach Of Implied-In-Fact Contract.**

Plaintiffs' implied-in-fact contract claim is similarly deficient. Unlike contracts implied in law, "contracts implied in fact reflect the parties' actual intentions." *Enloe Med. Ctr.*, 2011 U.S. Dist. LEXIS 146194 at *13. The elements for a claim of breach of implied-in-fact contract are essentially the same as a claim for breach of express contract and include the following: "(1) [e]xistence of contract implied from the promisor's conduct; (2) plaintiffs' performance or excuse for nonperformance; (3) defendants' breach; and (4) resulting damage." *Methodist Hosp. of S. Cal.*, 2011 Cal. Super. LEXIS 1491 at *17. As with any contract action, an out-of-network provider cannot state a claim for breach of implied-in-fact contract without alleging "specific facts […] to determine there was [a] meeting of the minds between the parties." *Pac. Bay Recovery, Inc. v. Cal. Physicians' Servs., Inc.*, 12 Cal. App. 5th 200, 216 (2017). This means that the provider must do more than allege that the defendant "represented to [p]laintiff that the services provided to defendants' insureds would be reimbursed at the fully billed charges." *Casa Bella Recovery Int'l, Inc. v. Humana Inc.*, 2017 U.S. Dist. LEXIS 207148, *5–6, (C.D. Cal. Nov. 27, 2017). Similarly, a plaintiff must allege "facts about the specific terms of its agreement or agreements with a defendant in order to make an implied contract claim." *ABC Servs. Grp., Inc. v. United Healthcare Servs.*, 2019 U.S. Dist. LEXIS 168445, *16 (C.D. Cal. June 14, 2019).

Here, Plaintiffs broadly allege that "by virtue of [each of the defendants]" authorizing, verifying and confirming "benefits for the subject [treatment and services] provided by Plaintiffs; by the trade custom and usage associated with ***prior*** authorizations and verifications of benefits;" by Defendants' promise to pay Plaintiffs; "and by Defendants' ***prior course of conduct***," the parties thus created an implied contract." [Compl., Rec. Doc. # 1, Ex. A., ¶ 114; FAC, Rec. Doc. # 39, ¶ 248] (emphasis added). However, the Court in its February 21st Order squarely rejected these allegations for two primary reasons: (1) any prior authorizations and prior course of

MUNCK WILSON MANDALA
1925 Century Park East, Suite 2300
Los Angeles, California 90067

conduct does not indicate that Plaintiffs and Defendants had come to an agreement that Defendants would pay for any services Plaintiffs provided *to future insureds*; and (2) verifications cannot be construed as binding implied contracts. [*See* Order, Rec. Doc. # 35, p. 13].

Similarly, other courts have rejected breach of implied-in-fact contract claims brought by out-of-network providers against health plans based on virtually identical allegations after finding that the providers failed to allege sufficient facts to support such a claim. *See, e.g.*, *ABC Servs. Grp., Inc.*, 2019 U.S. Dist. LEXIS 168445 at *16–17; *Casa Bella Recovery Int'l, Inc.*, 2017 U.S. Dist. LEXIS 207148 at *4; *Pac. Bay Recovery, Inc.*, 12 Cal. App. 5th at 215–18. The FAC is completely devoid of facts that would support a meeting of the minds or an agreement with specific terms between Viant or MultiPlan and Plaintiffs. The FAC also fails to allege any prior dealings between Viant or MultiPlan and Plaintiffs, or even any conduct on the part of Viant or MultiPlan. Absent such allegations, Plaintiffs cannot sufficiently plead the terms of an implied-in-fact contract, and their fourth cause of action must be dismissed because Plaintiffs have not established the existence of any implied contract.

## VI.   Plaintiffs Fail To State A Cause For Breach Of Oral Contract Or Promissory Estoppel (Counts V–VI).

Although the Court previously held that Plaintiffs' claims for breach of oral contract and promissory estoppel survived dismissal, MultiPlan respectfully requests the Court reconsider those rulings for the reasons set forth in §§ III.C.4 and III.C.5 of the United Defendants' Motion to Dismiss Plaintiffs' FAC, which are adopted and incorporated as if fully set forth herein.

## VII.   Plaintiffs Fail To State A Claim For Unfair Competition (Count VII).

Plaintiffs' UCL claim should be dismissed for the fundamental reason that it fails to allege any facts demonstrating how Viant or MultiPlan acted unlawfully, unfairly, or fraudulently, or otherwise participated in any alleged misconduct, and instead relies on several inform theories of vicarious liability. It is well-settled that a claim under § 17200

MUNCK WILSON MANDALA
1925 Century Park East, Suite 2300
Los Angeles, California 90067

- 18 -

"cannot be predicated on vicarious liability." *Emery v. Visa Internat. Service Assn.*, 95 Cal. App. 4th 952, 960 (2002). Rather, "[a] defendant's liability must be based on his personal participation in the unlawful practices and unbridled control over the practices that are found to violate section 17200," and such allegations are completely absent from Plaintiffs' FAC. *Id.* Accordingly, and for the reasons set forth in § III.C.6 of the United Defendants' Motion to Dismiss Plaintiffs' FAC, which is adopted and incorporated as if fully set forth herein, Plaintiffs' allegations are insufficient to state a UCL claim against Viant or MultiPlan under any theory.

## **CONCLUSION**

For the foregoing reasons, Defendants Viant, Inc. and MultiPlan, Inc. respectfully request that this Court grant their Motion and dismiss Plaintiffs' First Amended Complaint in its entirety, with prejudice and without leave to amend.

Respectfully submitted,

DATED:  May 1, 2020            **MUNCK WILSON MANDALA LLP**

By:    */s/ Jenifer C. Wallis*
        Jenifer C. Wallis

        and

        Errol J. King, Jr. (*admitted pro hac vice*)
        Phelps Dunbar LLP

        Attorneys for Defendants Viant, Inc. and
        MultiPlan, Inc.

MUNCK WILSON MANDALA
1925 Century Park East, Suite 2300
Los Angeles, California 90067

PD.28588163.1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

JENIFER WALLIS (SBN 303343)
jwallis@munckwilson.com
**MUNCK WILSON MANDALA, LLP**
1925 Century Park East, Suite 2300
Los Angeles, California 90067
Telephone:  (310) 286-0377

ERROL J. KING, JR. (*admitted pro hac vice*)
Errol.King@phelps.com
**PHELPS DUNBAR LLP**
II City Plaza
400 Convention Street, Suite 1100
Baton Rouge, Louisiana 70802
Telephone:  (225) 376-0207

Attorneys for Defendants,
Viant, Inc. and MultiPlan, Inc.

MUNCK WILSON MANDALA
1925 Century Park East, Suite 2300
Los Angeles, California 90067

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| In re: Out of Network Substance Use Disorder Claims Against UnitedHealthcare | Case No. 8:19-cv-02075-JVS-DFM |

(Hon. James V. Selna)

Consolidated with:
| | |
|---|---|
| 8:19-cv-02082 | 8:19-cv-02083 |
| 8:19-cv-02084 | 8:19-cv-02085 |
| 8:19-cv-02806 | 8:19-cv-02087 |
| 8:19-cv-02088 | 8:19-cv-02372 |
| 8:19-cv-00136 | 8:19-cv-00137 |
| 8:19-cv-00138 | 8:19-cv-00340 |
| 8:19-cv-00341 | 8:19-cv-00356 |

**DECLARATION OF ERROL J. KING, JR. IN SUPPORT OF VIANT, INC.'S AND MULTIPLAN, INC.'S MOTION TO DISMISS PLAINTIFFS' CONSOLIDATED FIRST AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6)**

FAC Filed:        March 19, 2020
Trial Date:        None Set

Hearing Date:    July 27, 2020
Hearing Time:    1:30 p.m.
Courtroom:       10C

PD.28588163.1

# DECLARATION OF ERROL J. KING, JR.

I, ERROL J. KING, JR., do hereby declare and state as follows:

1. I am an attorney admitted to practice in the State of Louisiana, and am admitted pro hac vice in the above-entitled action, for which I have been retained to represent Defendants, Viant, Inc. and MultiPlan, Inc. I have personal knowledge of the facts stated in this declaration, and if called as a witness, I could and would testify competently as to each fact.

2. On April 24, 2020, Plaintiff's counsel, Mr. Rich Collins, and I telephonically met and conferred regarding the merits of this Motion to Dismiss. Despite our efforts, we were unable to reach a resolution.

I declare under penalty of perjury, pursuant to the laws of the United States of America, that the foregoing is true and correct, and that this Declaration was executed by me on this 30th day of April, 2020, in Baton Rouge, Louisiana.

*/s/ Errol J. King*
Errol J. King, Jr.

MUNCK WILSON MANDALA
1925 Century Park East, Suite 2300
Los Angeles, California 90067

- 21 -

PD.28588163.1