UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 19-2075 JVS (DFMx) | Date | July 29, 2020 |
| Title | In re: Out of Network Substance Use Disorder Claims against UnitedHealthcare | | |

Present: The Honorable    **James V. Selna, U.S. District Court Judge**

| Lisa Bredahl | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:**    **[IN CHAMBERS] Order Regarding Motions to Dismiss**

**Related Cases**: SACV 19-2082, 19-2083, 19-2084, 19-2085, 19-2086, 19-2087, 19-2088, 19-2372, 20-136, 20-137, 20-138, 20-340, 20-341, 20-356

Before the Court are two motions to dismiss.[1]

First, Defendants Viant, Inc. ("Viant") and MultiPlan, Inc. (together – "MultiPlan") moved to dismiss Plaintiff DR Recovery Encinitas, LLC's ("Plaintiff") Complaint. Mot., Dkt. No. 49. Plaintiffs filed a Consolidated Opposition. Opp'n, Dkt. No. 51. Defendants replied. Reply, Dkt. No. 55.

Second, Defendants UnitedHealth Group Incorporated, United Healthcare Services, Inc., United Healthcare Insurance Company, UHC of California, United HealthCare Service LLC, United Behavioral Health, Inc., OptumInsight, Inc., Optum Services, Inc., and Optum, Inc. (collectively "United") (and with Viant and MultiPlan, "Defendants") moved to dismiss Plaintiffs' Complaint. Mot., Dkt. No. 47. Plaintiffs

---

[1] The Court ordered the cases consolidated under the lead case, SACV 19-2075 JVS (DFMx), DR Recovery Encinitas, LLC v. UnitedHealth Group Incorporated, et al, now titled In re: Out of Network Substance Use Order Claims Against UnitedHealthcare. See Order, Dkt. No. 29. The related actions involve Plaintiffs MMR Services, LLC, TML Recovery, LLC, Womans Recovery Center, LLC, Kool Living, Inc., Pacific Palms Recovery, LLC, Inland Detox, Inc., Addiction Health Alliance, Southern California Addiction Center, Inc., JMG Investments Inc., Valley Restoration Center, Inc., Southern California Recovery Centers Oceanside, LLC, JD Recovery, LLC, 12 South, LLC, and Creative Care, Inc. This Tentative Order applies to the pending motions to dismiss in those related actions.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 19-2075 JVS (DFMx)                     Date  July 29, 2020

Title     **In re: Out of Network Substance Use Disorder Claims against UnitedHealthcare**

opposed.  Opp'n, Dkt. No. 51.  United replied.  Reply, Dkt. No. 56.

For the following reasons, the Court **GRANTS IN PART and DENIES IN PART** MultiPlan's motion and **GRANTS IN PART and DENIES IN PART** United's motion.

## I. Background

### A. Procedural Background

Plaintiff filed suit on September 20, 2019 in Orange County Superior Court against Defendants, seeking reimbursement for healthcare services it allegedly provided.  See generally, Complaint, Dkt. No. 1, Ex. A.  United removed the case on October 31, 2019 based on federal question jurisdiction.  Not. of Removal, Dkt. No. 1.

The Court granted in part and denied in part MultiPlan and United's motions to dismiss on February 21, 2020.  Order, Dkt. No. 35.  Plaintiffs filed a consolidated First Amended Complaint ("FAC") on March 19, 2020.  FAC, Dkt. No. 39.

### B. Allegations in the FAC

The FAC asserts seven causes of action: (1) claims for plan benefits under ERISA, 29 U.S.C. § 1132(a)(a)(B), (2) breach of written contract, (3) breach of implied covenant of good faith and fair dealing, (4) breach of implied contract, (5) breach of oral contract, (6) promissory estoppel, (7) unfair competition.  See generally, FAC.

Plaintiffs are out-of-network substance use disorder treatment providers and clinical laboratories.  Id. ¶ 32.  Plaintiffs help individuals recover from alcoholism and addiction.  Id.  Plaintiffs provided medically necessary, verified, preauthorized and covered substance use disorder treatment and laboratory services to 1,306 individuals with health insurance that was sold, insured, managed and/or administered by Defendants.  Id.  The treatment and services provided by Plaintiffs include residential detoxification and residential treatment ("RTC"), partial hospitalization/day treatment ("PHP"), intensive outpatient ("IOP"), outpatient ("OP"), treatment planning, counseling and behavioral therapies, medication and case management, and laboratory services.  Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 19-2075 JVS (DFMx)　　　　Date  July 29, 2020

Title　　**In re: Out of Network Substance Use Disorder Claims against UnitedHealthcare**

　　Defendants' health insurance plans, for each of the 1,306 insureds at issue, pay benefits for out-of-network substance use disorder treatment and laboratory services, including, but not limited to, RTC, PHP, IOP, OP, diagnostic evaluations, assessment and treatment planning, treatment and/or procedures, medication management and other associated treatment, psychological testing, referral services, individual, family and group therapy, provider-based case management services, crisis intervention, and laboratory services, at varying percentages of covered charges (between 50% to 90% of covered charges, with the majority of plans paying out-of-network benefits at 70% of covered charges (minus any outstanding insured cost-sharing amounts, which Defendants deduct from payments to Plaintiffs)) until the insured's nominal annual out-of-pocket maximum is met at which time Defendants pay 100%.  Id. ¶ 34.

　　Plaintiffs are informed and believe, and based thereon allege, that each of the 1,306 insureds had already met their annual out-of-pocket maximum at the time they first received treatment or services from Plaintiffs, or shortly thereafter.  Id.  The plans also pay 100% of covered charges in the event of a "network inadequacy" or "network gap" for the services received.  Id.  Plaintiffs are informed and believe, and based thereon allege, that at all times relevant herein Defendants had an inadequate network of substance use disorder treatment providers and clinical laboratories.  Id.

　　Plaintiffs obtained written assignments of benefits from each of the 1,306 insureds at issue, by which Defendants' insureds intended to, and did, assign to Plaintiffs not only rights to payment of claims but to assert all rights and causes of action against Defendants in connection with such claims.  Id. ¶ 35.  In reliance on the assignments of benefits, Plaintiffs rendered the subject treatment and services to Defendants' insureds/members.  Id.  Moreover, Defendants confirmed, represented, promised and warranted to Plaintiffs through the required verification of benefits and the preauthorization process that each of the insureds and their respective out-of-network treatments and services were covered by health insurance plans issued, managed and/or administered by Defendants and that Plaintiffs would be properly paid for treating Defendants' insureds.  Id.

　　After providing covered treatment and services to the 1,306 insureds at issue, Plaintiffs submitted their claims to Defendants for payment.  Id. ¶ 36.  Defendants were obligated to pay Plaintiffs the applicable plan percentage of their covered charges (between 50% to 90% of covered charges, with the majority of plans paying

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 19-2075 JVS (DFMx) | Date | July 29, 2020 |
| Title | In re: Out of Network Substance Use Disorder Claims against UnitedHealthcare | | |

out-of-network benefits at 70% of covered charges (minus any outstanding insured cost-sharing amounts)) until the insured's nominal annual out-of-pocket maximum is met at which time Defendants pay 100%. Id.

Instead of paying Plaintiffs per the plan documents and the law, and in accordance with Defendants' agreements, representations and promises to Plaintiffs, Defendants engaged in unfair, unreasonable, illegal, incomplete, fraudulent and systematic polices, practices and decisions – with an emphasis on profits over patients – and paid Plaintiffs, as a group, an average of 19.5% of their covered charges. Id.

During the claim submission and payment process, Defendants put Plaintiffs on various pre-payment review and program integrity audits, and through their various departments, Defendants repeatedly requested the same documents and information from Plaintiffs. Id. ¶ 37. This was all an attempt by Defendants to avoid processing and paying the claims. Id.

Defendants failed and refused to provide Plaintiffs and the insureds with adequate notice and/or explanation for the denial of benefits, payments or reimbursement of claims, and failed and refused to provide Plaintiffs and the insureds with a reasonable opportunity to engage in a meaningful claims process and procedure. Id.

## II. LEGAL STANDARD

Under Rule 12(b)(6), a defendant may move to dismiss for failure to state a claim upon which relief can be granted. A plaintiff must state "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim has "facial plausibility" if the plaintiff pleads facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

In resolving a Rule 12(b)(6) motion under Twombly, the Court must follow a two-pronged approach. First, the Court must accept all well-pleaded factual allegations as true. However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. Nor must the Court "'accept as true a legal conclusion couched as a factual allegation.'" Id. at 678–80

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 19-2075 JVS (DFMx) | Date | July 29, 2020 |
| Title | In re: Out of Network Substance Use Disorder Claims against UnitedHealthcare | | |

(quoting Twombly, 550 U.S. at 555).  Second, assuming the veracity of well-pleaded factual allegations, the Court must "determine whether they plausibly give rise to an entitlement to relief." Id. at 679.  This determination is context-specific, requiring the Court to draw on its experience and common sense, but there is no plausibility "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." Id.

### III. DISCUSSION

**A.     Plaintiffs do not state a claim under ERISA (Count I)**

Defendants argue that Plaintiffs' ERISA claim fails because the claim does not allege any specific ERISA plans or plan terms that entitle Plaintiffs to benefits.

"To state a claim . . . plaintiff must allege facts that establish the existence of an ERISA plan as well as the provisions of the plan that entitle it to benefits." Almont Ambulatory Surgery Ctr., LLC v. UnitedHealth Grp., Inc., 99 F. Supp. 3d 1110, 1155 (C.D. Cal. 2015) (internal citation and quotation marks omitted).  "A plan is established if a reasonable person can ascertain the intended benefits, a class of beneficiaries, the source of financing, and procedures for receiving benefits." Id.  "Failure to identify the controlling ERISA plans makes a complaint unclear and ambiguous." Id.  "Accordingly, a plaintiff who brings a claim for benefits under ERISA must identify a specific plan term that confers the benefit in question." Id.

The FAC does not allege any specific plan terms.  The ERISA claim is made in connection with Plaintiffs' "claims for substance use disorder treatment and laboratory services rendered to the 1,306 insureds with a health benefits plan governed by ERISA." FAC ¶ 198.  The FAC generally alleges that the ERISA plans provide coverage for out-of-network substance use disorder treatment and laboratory services and pay benefits between 50% and 90%. Id. ¶¶ 33-34.

Simply alleging that the plans for the 1,306 insureds are ERISA plans does not establish the financing for those plans, especially when there could be many different plans at issue, and thus many different plan sponsors and terms.  See Simi Surgical Ctr., Inc. v. Conn. Gen. Life Ins. Co., 2018 U.S. Dist. LEXIS 199045, at *6-7 (C.D. Cal. Jan.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 19-2075 JVS (DFMx) | Date | July 29, 2020 |
| Title | In re: Out of Network Substance Use Disorder Claims against UnitedHealthcare | | |

4, 2018) (dismissing where provider failed to "identify the patients' ERISA plans or [] specific plan terms"). Plaintiffs cite out-of-circuit authority for the proposition that it is sufficient to assert general allegations about the provisions of ERISA plans. See Opp'n at 5. But the FAC's general allegations fail to distinguish between distinct plans and provisions in order to plausibly state a claim. See Glendale Outpatient Surgery Ctr. v. United Healthcare Servs., 805 F. App'x 530, 531 (9th Cir. 2020). Thus, the FAC does not describe the specific plan terms that would support the coverage that Plaintiffs provided to the patients at issue. See Bristol SL Holdings, Inc. v. Cigna Health Life Ins. Co., 2019 U.S. Dist. LEXIS 206816, at *5-6 (C.D. Cal. Sept. 24, 2019) ("because Bristol's complaint doesn't identify any plan language or plan terms in Cigna's benefits plans, Bristol also fails to plausibly allege an entitlement to benefits. Rather, Bristol attempts to allege entitlement by baldly asserting various unidentified benefits plans had certain unknown terms covering a slew of unspecified services provided to Cigna patients.:).

Accordingly, the Court **grants** Defendants' motions to dismiss Plaintiffs' ERISA claim, without prejudice.[2]

**B.    ERISA preempts the breach of implied contract claim but does not preempt the breach of oral contract, promissory estoppel and unfair competition claims**

In its February 21, 2020 Order, the Court found that Plaintiffs' four contract-based claims – for breach of written contract, breach of the implied covenant of good faith and fair dealing, breach of implied contract, and breach of oral contract – were not preempted by ERISA's conflict provision because the claims did not act "immediately and exclusively" on ERISA plans, require the existence of ERISA plans, or hold an impermissible connection with ERISA plans. Order, Dkt. No 35 at 9.

---

[2] Because the Court dismisses the ERISA claim based upon Plaintiffs' failure to allege any specific plan terms, the Court declines to address United's arguments regarding exhaustion and plan prerequisites. See United Mot. at 6-8. The Court also declines to address MultiPlan's arguments regarding standing and the propriety of naming MultiPlan and Viant as defendants. See MultiPlan Mot. at 6-10.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 19-2075 JVS (DFMx) | Date | July 29, 2020 |
| Title | In re: Out of Network Substance Use Disorder Claims against UnitedHealthcare | | |

Defendants now argue that ERISA preempts Plaintiffs' state law claims for breach of implied contract, breach of oral contract, promissory estoppel and unfair competition. United Mot. at 9-11; MultiPlan Mot. at 11. Defendants argue that Plaintiffs' allegations have changed from the Complaint to the FAC and that the operative pleading "now expressly seeks claims for benefits under the terms of ERISA plans." United Mot. at 9.

ERISA provides for the comprehensive federal regulation of employee benefit plans. Metropolitan Life Ins. Co. v. Parker, 436 F.3d 1109, 1111 (9th Cir. 2006). To that end, ERISA includes two preemption provisions that defeat certain state law claims: "complete preemption" under § 502(a) and "conflict preemption" under § 514(a). See 29 U.S.C. §§ 1132(a), 1144(a).

Conflict preemption is at issue here. ERISA's conflict preemption provisions provide that ERISA "shall supersede any and all State laws insofar as they may . . . relate to any employee benefit plan." 29 U.S.C. § 1144(a) (emphasis added). A state law claim "relate[s] to" an ERISA plan if the claim either makes "reference to" or holds a "connection with" an ERISA plan. Cal. Div. of Lab. Standards Enf't v. Dillingham Constr., N.A., Inc., 519 U.S. 316, 324 (1997) ("Dillingham").

A state law claim makes "reference to" an ERISA plan if (1) the claim acts "immediately and exclusively" on an ERISA plan or (2) adjudication of the claim requires the existence of an ERISA plan. Golden Gate Rest. Ass'n v. City & Cnty. of San Francisco, 546 F.3d 639, 657 (9th Cir. 2008).

A state law claim has an impermissible "connection with" an ERISA plan when the claim "governs . . . a central matter of plan administration," "interferes with nationally uniform plan administration," or "if acute, albeit indirect, economic effects of the state law force an ERISA plan to adopt a certain scheme of substantive coverage or effectively restrict its choice of insurers." Gobeille v. Liberty Mut. Ins. Co., --- U.S. ---, 136 S. Ct. 936, 943 (2016) (internal quotations omitted). The Ninth Circuit takes a "purposive and relationship-focused approach" to this analysis. Rutledge v. Seyfarth, Shaw, Fairweather & Geraldson, 201 F.3d 1212, 1221 (9th Cir.), opinion amended on denial of reh'g, 208 F.3d 1170 (9th Cir. 2000). Under the Ninth Circuit's "relationship test," "a state law claim is preempted under the "connection with" prong when the claim bears on an ERISA-regulated relationship." Paulsen v. CNF, Inc., 559 F.3d 1061, 1082 (9th Cir.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 19-2075 JVS (DFMx) | Date | July 29, 2020 |
| Title | In re: Out of Network Substance Use Disorder Claims against UnitedHealthcare | | |

2009) (citing Providence Health Plan v. McDowell, 385 F.3d 1168, 1172 (9th Cir. 2004)). Accordingly, "[t]he key to distinguishing between what ERISA preempts and what it does not lies . . . in recognizing that the statute comprehensively regulates certain relationships: for instance, the relationship between plan and plan member, between plan and employer, between employer and employee (to the extent an employee benefit plan is involved), and between plan and trustee." Gen. Amer. Life. Ins. Co. v. Castonguay, 984 F.2d 1518, 1521 (9th Cir. 1993) (emphasis in original).

"Exactly what types of claims 'bear on' an ERISA-regulated relationship is unclear, however, since virtually any claims involving plan actors could affect plan administration." Jarmakani v. Bank of America Nat'l Ass'n, 2018 WL 6265088, at *3 (C.D. Cal. Jan 22, 2018). "For this reason, the Ninth Circuit has echoed the Supreme Court's directive to use the purpose and objectives of ERISA as guides in evaluating conflict preemption." Id.

The Court finds that the implied contract claim is preempted by ERISA. As Defendants point out, the FAC now includes the allegation that Defendants "breached the implied contracts by the conduct alleged herein," including by "interpreting *the plans* in an unduly restrictive manner so as to deny coverage and benefits, when, in fact, coverage exists and benefits are owed." FAC ¶ 252 (emphasis added). By making reference to an ERISA plan, the state law claim relates to an ERISA plan. Plaintiffs do not address this argument. See Opp'n at 13-15. Accordingly, the Court **grants** the motion to dismiss the implied contract claim.

Plaintiffs also do not address Defendants' argument that ERISA preempts the breach of oral contract and promissory estoppel claims. In the FAC, Plaintiffs allege that Defendants promised to pay benefits "on the *same* terms as provided for in *the plans*." FAC ¶¶ 255, 262 (emphasis added). The Court finds that the passing reference to "the plans" is not enough to amount to the claim relates to an ERISA plan and **denies** the motion to dismiss on this ground. Thus, Plaintiffs' claims for breach of oral contract and for promissory estoppel (Counts V and VI) are not preempted. These causes of action are based on Defendants' independent obligation to pay for the services Plaintiffs rendered, and arise from promises Defendants allegedly made. See Hoag Mem'l Hosp. v. Managed Care Adm'rs, 20 F. Supp. 1232, 1236 (C.D. Cal. 1993) ("In effect, when insurance companies and plan administrators verify coverage to third-party health care providers,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 19-2075 JVS (DFMx) | Date | July 29, 2020 |
| Title | In re: Out of Network Substance Use Disorder Claims against UnitedHealthcare | | |

they are creating an independent obligation of the plan to pay for the services rendered in reliance thereon."); see also Forest Ambulatory Surgical Assocs., LP v. United Healthcare Ins. Co., 2013 WL 11323600, at *9 (C.D. Cal. Mar. 12, 2013) (reasoning that "even though Plaintiff is an assignee of the patients, because Plaintiff's UCL claim is based on independent obligations owed to Plaintiff, it is not preempted.").

For the same reason, the Court **denies** Defendants' motion to dismiss the UCL claim based upon conflict preemption. The UCL claim is predicated on Defendants' alleged violation of "their claims handling obligations under ERISA *and California law*." See FAC ¶ 157. The claim does not act "immediately and exclusively" on an ERISA plan or requires the existence of an ERISA plan to adjudicate it.

### C. Plaintiffs state a claim for breach of non- ERISA written contract (Count II)

In California, "[a] cause of action for breach of contract requires proof of the following elements: (1) existence of the contract; (2) plaintiff's performance or excuse for nonperformance; (3) defendant's breach; and (4) damages to plaintiff as a result of the breach." Oasis West Realty, LLC v. Goldman, 51 Cal.4th 811, 821 (2011). To be enforceable, "a contract must be sufficiently definite for the court to ascertain the parties' obligations and to determine whether those obligations have been performed or breached." Sateriale v. R.J. Reynolds Tobacco Co., 697 F.3d 777, 789 (9th Cir. 2012) (citation and internal quotations omitted). "The terms of a contract are reasonably certain if they provide a basis for determining the existence of a breach and for giving an appropriate remedy." Sateriale, 697 F.3d at 789 (citation and quotations omitted). A plaintiff must "allege the specific provisions in the contract creating the obligation the defendant is said to have breached." In re Anthem, Inc. Data Breach Litig., 162 F. Supp. 3d 953, 978 (N.D. Cal. 2016) (internal quotation omitted).

Plaintiffs adequately stated a claim for breach of written contract against Defendants. The allegations regarding their status as assignees and the services provided are plausible. FAC ¶¶ 210-219. They also adequately allege breach and damage. See id. Plaintiffs "need not quote the exact contractual language or attach a copy of every relevant contract," to survive dismissal. See Casa Bella Recovery Int'l, Inc. v. Humana, 2017 U.S. Dist. LEXIS 207148, at *9-10 (C.D. Cal. Nov. 27, 2017). Therefore, the Court **denies** the motion to dismiss the breach of written contract claim.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 19-2075 JVS (DFMx) | Date | July 29, 2020 |
| Title | In re: Out of Network Substance Use Disorder Claims against UnitedHealthcare | | |

**D.     Plaintiffs do not state a claim for good faith and fair dealing (Count III)**

Every contract includes an implied covenant of good faith and fair dealing. Foley v. Interactive Data Corp., 47 Cal. 3d 654, 683–84 (1988). The precise nature and extent of the covenant depends on the contract. Id. A breach of the implied covenant must be "a failure or refusal to discharge contractual responsibilities, prompted not by an honest mistake, bad judgment or negligence but rather by a conscious and deliberate act," which "frustrate[s] the agreement's common purpose and deprive[s] the other party of the contract's benefits." Careau & Co. v. Sec. Pac. Bus. Credit, Inc., 222 Cal. App. 3d 1371, 1395 (1990).

But a claim for breach of the implied covenant is superfluous if it merely restates the claim for breach of contract. Zepeda v. PayPal, Inc., 777 F. Supp. 2d 1215, 1221 (N.D. Cal. 2011). "If the allegations do not go beyond the statement of a mere contract breach and, relying on the same alleged acts, simply seek the same damages or other relief already claimed in a companion contract cause of action, they may be disregarded as superfluous as no additional claim is actually stated." Careau, 222 Cal. App. at 1395.

Plaintiffs' implied covenant claim again depends on the same factual allegations as its breach of contract claim, i.e. Defendants' alleged failure to pay claims for benefits under the patients' policies. Plaintiffs allege that Defendants breached the implied covenant of good faith by "withholding of proper claim payments," "interpreting the plans in an unduly restrictive manner so as to deny coverage and benefits," and "forcing Plaintiff to initiate litigation to recover the policy benefits owed." FAC ¶ 235. These allegations are substantively identical to Plaintiffs' allegations, in support of the breach of written contract claim, that Defendants breached the insurance policies by "withholding of proper claim payments" and "interpreting the plans in an unduly restrictive manner so as to deny coverage and benefits." Id. ¶ 218.

Because the factual allegations for this cause of action merely restate the claims supporting the breach of written contract cause of action, the Court **grants** Defendants' motions to dismiss Plaintiffs' implied covenant of good faith and fair dealing claim, without prejudice.

**E.     Plaintiffs state a claim for breath of oral contract (Count V)**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 19-2075 JVS (DFMx)  Date  July 29, 2020

Title  **In re: Out of Network Substance Use Disorder Claims against UnitedHealthcare**

"The elements of a breach of oral contract claim are the same as those for a breach of written contract: a contract; its performance or excuse for nonperformance; breach; and damages." Stockton Mortg., Inc. v. Tope, 233 Cal. App. 4th 437, 453 (2014). "An oral contract may be pleaded generally as to its effect, because it is rarely possible to allege the exact words." Khoury v. Maly's of California, Inc., 14 Cal. App. 4th 612, 616 (1993) (citing 4 Witkin, Cal. Procedure (3d ed. 1985) Pleading, § 471, p. 509) ). To do so, "plaintiff must allege the substance of its relevant terms." McKell v. Washington Mutual Inc., 142 Cal App. 4th 1457, 1489 (2006).

Plaintiffs allege that "[a]s part of verifying benefits and authorizing treatment when necessary, and in multiple communications following admissions and the submission of claims, Defendants, and each of them, orally promised to pay Plaintiff for the treatment provided to Defendants' insureds on the same terms as provided for in the policies between Defendants and their insureds; specifically, payments to Plaintiff equal to a percentage of their covered charges (between 50% to 90% of covered charges, with the majority of claims promised by Defendants to be paid at 70% of covered charges) until the insured's nominal annual out-of-pocket maximum is met at which time Defendants pay 100%." FAC ¶ 255. And "[i]n communication with Plaintiffs, including telephone calls requesting verification of benefits and preauthorization, Defendants, and each of them, represented to Plaintiffs that the services provided to Defendants' insureds were covered and that the out-of-network benefits paid by Defendants to out-of-network providers, like Plaintiffs, for all levels of substance use disorder treatment and laboratory services, is a percentage of its covered charges (between 50% to 90% of covered charges, with the majority of claims promised by Defendants to be paid at 70% of covered charges) until the insured's nominal annual out-of-pocket maximum is met at which time Defendants pay 100%." Id. ¶ 176.

These allegations plausibly describe the services Defendants promised to pay for. Therefore, the Court **denies** the motion to dismiss the breach of oral contract claim.

**F.  Plaintiffs state a claim for breath of promissory estoppel (Count VI)**

Under the doctrine of promissory estoppel, a "promise which the promisor should reasonably expect to induce action or forebearance on the part of the promisee or a third person and which does induce such action or forbearance is binding if injustice can be

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 19-2075 JVS (DFMx) | Date | July 29, 2020 |
| Title | In re: Out of Network Substance Use Disorder Claims against UnitedHealthcare | | |

avoided only be enforcement of the promise." Kajima/Ray Wilson v. Los Angeles County Metro. Transp. Auth., 23 Cal.4th 305, 310 (2000). The elements of promissory estoppel are: (1) a clear and unambiguous promise; (2) reliance by the party to whom the promise is made; (3) the reliance is both reasonable and foreseeable; and (4) the party asserting estoppel is injured by his reliance. U.S. Ecology Inc. v. State of California, 129 Cal. App. 4th 887, 901 (2005).

The Court finds that Plaintiffs have adequately alleged a "clear and unambiguous" promise. The "promises" upon which Plaintiffs rely are not merely general representations of what the patients' policies would cover in verification calls but additional assurances that Defendants would pay. See, e.g., FAC ¶ 262 (claiming Defendants, "[a]s part of verifying benefits and authorizing treatment when necessary, and *in multiple communications following admissions and the submission of claims* . . . expressed a clear promise to pay Plaintiff on the same terms as provided for in the policies between Defendants and their insureds; specifically, payments to Plaintiff equal to a percentage of their covered charges (between 50% to 90% of covered charges, with the majority of claims promised by Defendants to be paid at 70% of covered charges) until the insured's nominal annual out-of-pocket maximum is met at which time Defendants pay 100%.").

Therefore, the Court **denies** the motion to dismiss the promissory estoppel claim.

**G.     Plaintiffs state a claim for breath of the UCL against the United Defendants, but do not state a claim against the MultiPlan and Viant Defendants (Count VII)**

California's Unfair Competition Law (UCL) prohibits "any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising." Cal. Bus. & Prof. Code § 17200. The "unlawful" prong of the UCL treats violations of other federal, state, regulatory, or court-made law as unlawful business practices independently actionable under state law. Nat'l Rural Telecomm. Coop. v. DIRECTV, Inc., 319 F. Supp. 2d 1059, 1074 (C.D. Cal. 2003) (citation omitted). An unfair business practice under the UCL is "one that either offends an established public policy or is immoral, unethical, oppressive, unscrupulous, or substantially injurious to consumers." McDonald v. Coldwell Banker, 543 F.3d 498, 506 (9th Cir. 2008).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 19-2075 JVS (DFMx)    Date  July 29, 2020

Title  **In re: Out of Network Substance Use Disorder Claims against UnitedHealthcare**

    The Court previously found that Plaintiffs sufficiently allege the United Defendants are liable under the "unlawful" prong of the UCL.  Therefore, the Court **denies** the motion to dismiss UCL claim as to the United Defendants.

    But, as MultiPlan notes, Plaintiffs did not address their argument that claims under the UCL cannot be predicated upon vicarious liability.  See Emery v. Visa Internat. Serv. Assn., 95 Cal. App. 4th 952, 960 (2002).  Accordingly, the Court **grants** the motion to dismiss as to MultiPlan and Viant.

### H.    MultiPlan and Viant are Proper Parties

    The Court determined in its prior Order that Plaintiffs claims may proceed on theories of vicarious liability and/or alter ego.  See Order at 18-21.  The Court agrees with MultiPlan and Viant that the allegation as to civil conspiracy fails.  The Court granted their prior motion to dismiss based on this theory and Plaintiffs have not adequately defended it.  See FAC ¶ 31.

### IV. CONCLUSION

    For the foregoing reasons, the Court **GRANTS IN PART and DENIES IN PART** MultiPlan's motion and **GRANTS IN PART and DENIES IN PART** United's motion.  Plaintiffs have 30 days to amend.

    **IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 19-2075 JVS (DFMx)  Date  July 29, 2020

Title  **In re: Out of Network Substance Use Disorder Claims against UnitedHealthcare**

:  0

Initials of Preparer  lmb