# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| In re: Out of Network Substance Use Disorder Claims Against UnitedHealthcare | CASE NO. 8:19-CV-02075-JVS-DFM<br>Assigned to Judge James V. Selna<br><br>Consolidated with:<br>8:19-cv-02082    8:19-cv-02083<br>8:19-cv-02084    8:19-cv-02085<br>8:19-cv-02086    8:19-cv-02087<br>8:19-cv-02088    8:19-cv-02372<br>8:20-cv-00136    8:20-cv-00137<br>8:20-cv-00138    8:20-cv-00340<br>8:20-cv-00341    8:20-cv-00356<br><br>**ORDER GRANTING AMENDED PROTECTIVE ORDER**<br>**[Discovery document referred to Magistrate Judge Douglas F. McCormick]**<br><br>FAC Filed: Mar. 19, 2020<br>Band 1 Bellwether Trial: Sept. 14, 2021 |

Pursuant to Rule 26(c) and 45 C.F.R. § 164.512(e)(1), good cause appearing therefore, and at the request and stipulation of the parties to the consolidated action *In re: Out of Network Substance Use Disorder Claims Against UnitedHealthcare,* Case No. 8:19-CV-02075-JVS-DFM, IT IS HEREBY ORDERED:

1. Good Cause Statement. This case involves allegations by Plaintiffs that Defendants engaged in unfair, unreasonable, illegal, incomplete and systematic polices, practices and decisions regarding the mental health and substance use disorder treatment services that Plaintiffs rendered to Defendants' insureds. The parties agree that discovery in this action is likely to involve the disclosure of protected health information ("PHI") under the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), including Substance Abuse Information under 42 C.F.R. Part 2, by reference to other publicly available information, or through verification of such identification by another person ("Protected Substance Abuse Information"), as well as information that may not constitute PHI or Substance Abuse Information but is nonetheless confidential, proprietary, trade secret, sensitive, or private.

2. In this Stipulation and Protective Order, the words set forth below shall have the following meanings:

    a) "Proceeding" means the above-entitled proceeding, *In re: Out of Network Substance Use Disorder Claims Against UnitedHealthcare*, Case No. 8:19-cv-02075-JVS(DFM)

    b) "Court" means the Hon. James V. Selna, or any other judge to which this Proceeding may be assigned, including Court staff participating in such proceedings.

    c) "Confidential" means information (regardless of how it is generated, stored or maintained) or tangible things the party designating or producing it reasonably believes contains or reflects information subject to protection, including without

limitation: (1) information protected under the federal Health Insurance Portability and Accountability Act and the California Medical Information Act, (2) information in the nature of a trade secret or other research, investigation, development, commercial or operational information of a confidential or proprietary nature; (3) financial, marketing, planning, strategic, investigative, or other internal information, data, analyses, or specifications of a proprietary, confidential or competitive nature; (4) information deemed confidential or non-public by any regulatory body; (5) information otherwise protected by law from disclosure; and/or (6) any other information with respect to which there is a compelling need for confidentiality. Documents designated as "Confidential" shall be limited to documents that have not been made public, which the disclosing party in good faith believes will, if disclosed, have the effect of causing harm to its business or competitive position; or in the case of individuals, shall be limited to documents that reveal personal information, such as contact information, social security numbers, or Protected Health Information (as defined in 45 CFR §§ 160.103 and 164.501).

d) "Confidential Materials" means any Documents, Testimony or Information as defined below designated as "Confidential" pursuant to the provisions of this Stipulation and Protective Order.

e) "Designating Party" means the Party that designates Materials as "Confidential."

f) "Disclose" or "Disclosed" or "Disclosure" means to reveal, divulge, give, or make available Materials, or any part thereof, or any information contained therein.

g) "Documents" means (i) any "Writing," "Original," and

                "Duplicate" as those terms are defined by California Evidence Code Sections 250, 255, and 260, which have been produced in discovery in this Proceeding by any person, and (ii) any copies, reproductions, or summaries of all or any part of the foregoing.

      h)    "Highly Confidential – Attorneys' Eyes Only" means information (regardless of how it is generated, stored or maintained) or tangible things the party designating or producing it reasonably believes contains or reflects information subject to protection, including without limitation: highly confidential personal or commercial information, such as trade secrets, financial information, business strategy, or other information, disclosure of which would be especially detrimental or harmful to the Disclosing Party or its business.

      i)    "Information" means the content of Documents or Testimony.

      j)    "Testimony" means all depositions, declarations or other testimony taken or used in this Proceeding.

3. The Designating Party shall have the right to designate as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" any Documents, Testimony or Information that the Designating Party in good faith believes to contain non-public information that is entitled to confidential treatment under applicable law.

4. The entry of this Stipulation and Protective Order does not alter, waive, modify, or abridge any right, privilege or protection otherwise available to any Party with respect to the discovery of matters, including but not limited to any Party's right to assert the attorney-client privilege, the attorney work product doctrine, or other privileges, or any Party's right to contest any such assertion.

5. Protected Health Information:

      a)    All parties and counsel in this action (including all plaintiffs'

        counsel, regardless of the particular individual(s) they represent) are authorized to receive, subpoena, and transmit protected health information to the extent and subject to the conditions set forth herein.

    b)    All "covered entities," as defined in 45 C.F.R. § 160.103, are authorized to disclose protected health information in this action to the extent and subject to the conditions set forth herein.

    c)    Nothing in this Order authorizes counsel to obtain medical records or protected health information through means other than formal discovery requests, subpoenas, depositions, patient authorizations, or other lawful processes.

    d)    This Order does not control or limit the use of protected health information that comes into possession of any party or any party's counsel from source other than a covered entity as defined in 45 C.F.R. § 160.103.

6.    Any Documents, Testimony or Information to be designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" must be clearly so designated before the Document, Testimony or Information is Disclosed or produced. The parties may agree that the case name and number are to be part of the "Confidential" or "Highly Confidential – Attorneys' Eyes Only" designation. The "Confidential" or "Highly Confidential – Attorneys' Eyes Only" designation should not obscure or interfere with the legibility of the designated Information.

    a)    For Documents (apart from transcripts of depositions or other pretrial or trial proceedings), the Designating Party must affix the legend "Confidential" or "Highly Confidential – Attorneys' Eyes Only" on each page of any Document containing such designated Confidential Material.

    b)    For Testimony given in depositions the Designating Party may

either:

    i. identify on the record, before the close of the deposition, all "Confidential" or "Highly Confidential – Attorneys' Eyes Only" Testimony, by specifying all portions of the Testimony that qualify as "Confidential" or "Highly Confidential – Attorneys' Eyes Only;" or

    ii. designate the entirety of the Testimony at the deposition as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" (before the deposition is concluded), so long as within 30 days following receipt of the deposition transcript the Designating Party identifies specific portions of the Testimony as to which protection is sought. If the Designating Party fails to identify specific portions of the Testimony within such time, the Testimony will not be considered "Confidential" or "Highly Confidential – Attorneys' Eyes Only."

    iii. In circumstances where portions of the deposition Testimony are designated for protection, the transcript pages containing "Confidential" Information may be separately bound by the court reporter, who must affix to the top of each page the legend "Confidential," as instructed by the Designating Party.

c) For Information produced in some form other than Documents, and for any other tangible items, including, without limitation, compact discs or DVDs, the Designating Party must affix in a prominent place on the exterior of the container or containers in which the Information or item is stored the legend "Confidential." If only portions of the Information or item warrant protection, the Designating Party, to the extent practicable, shall identify the "Confidential" or "Highly Confidential – Attorneys' Eyes Only"

5

1 portions.

2     7.    The inadvertent production by any of the undersigned Parties or non-Parties to the Proceedings of any Document, Testimony or Information during discovery in this Proceeding without a "Confidential" or "Highly Confidential – Attorneys' Eyes Only" designation, shall be without prejudice to any claim that such item is "Confidential" or "Highly Confidential – Attorneys' Eyes Only" and such Party shall not be held to have waived any rights by such inadvertent production. In the event that any Document, Testimony or Information that is subject to a "Confidential" designation is inadvertently produced without such designation, the Party that inadvertently produced the document shall give written notice of such inadvertent production, together with a further copy of the subject Document, Testimony or Information designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only"(the "Inadvertent Production Notice"). Upon receipt of such Inadvertent Production Notice, the Party that received the inadvertently produced Document, Testimony or Information shall promptly destroy the inadvertently produced Document, Testimony or Information and all copies thereof, or, at the expense of the producing Party, return such together with all copies of such Document, Testimony or Information to counsel for the producing Party and shall retain only the "Confidential" or "Highly Confidential – Attorneys' Eyes Only" designated Materials. Should the receiving Party choose to destroy such inadvertently produced Document, Testimony or Information, the receiving Party shall notify the producing Party in writing of such destruction within ten (10) days of receipt of written notice of the inadvertent production. This provision is not intended to apply to any inadvertent production of any Information protected by attorney-client or work product privileges.

    8.    In the event that counsel for a Party receiving Documents, Testimony or Information in discovery designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" objects to such designation with respect to any or all of such

items, said counsel shall advise counsel for the Designating Party, in writing, of such objections, the specific Documents, Testimony or Information to which each objection pertains, and the specific reasons and support for such objections (the "Designation Objections"). Counsel for the Designating Party shall have thirty (30) days from receipt of the written Designation Objections to either (a) agree in writing to de-designate Documents, Testimony or Information pursuant to any or all of the Designation Objections and/or (b) file a motion with the Court seeking to uphold any or all designations on Documents, Testimony or Information addressed by the Designation Objections (the "Designation Motion"). Pending a resolution of the Designation Motion by the Court, any and all existing designations on the Documents, Testimony or Information at issue in such Motion shall remain in place. The Designating Party shall have the burden on any Designation Motion of establishing the applicability of its "Confidential" or "Highly Confidential – Attorneys' Eyes Only" designation. In the event that the Designation Objections are neither timely agreed to nor timely addressed in the Designation Motion, then such Documents, Testimony or Information shall be de-designated in accordance with the Designation Objection applicable to such material.

9.  Access to and/or Disclosure of Confidential Materials designated as "Confidential" shall be permitted only to the following persons:

   a)  The Court.
   b)  Attorneys of record in the Proceeding and their affiliated attorneys, paralegals, clerical and secretarial staff employed by such attorneys who are actively involved in the Proceedings and are not employees of any Party.  In-house counsel to the undersigned Parties and the paralegal, clerical and secretarial staff employed by such counsel.  Provided, however, that each non-lawyer given access to Confidential Materials shall be advised that such Materials are being Disclosed pursuant to, and are

subject to, the terms of this Stipulation and Protective Order and that they may not be Disclosed other than pursuant to its terms.

c) Those officers, directors, partners, members, employees and agents of all non-designating Parties that counsel for such Parties deems necessary to aid counsel in the prosecution and defense of this Proceeding; provided, however, that prior to the Disclosure of Confidential Materials to any such officer, director, partner, member, employee or agent, counsel for the Party making the Disclosure shall deliver a copy of this Stipulation and Protective Order to such person, shall explain that such person is bound to follow the terms of such Order, and shall secure the signature of such person on a statement in the form attached hereto as Exhibit A.

d) Court reporters in this Proceeding (whether at depositions, hearings, or any other proceeding).

e) Any deposition, trial or hearing witness in the Proceeding who previously has had access to the Confidential Materials, or who is currently or was previously an officer, director, partner, member, employee or agent of an entity that has had access to the Confidential Materials.

f) Any deposition or non-trial hearing witness in the Proceeding who previously did not have access to the Confidential Materials; provided, however, that each such witness given access to Confidential Materials shall be advised that such Materials are being Disclosed pursuant to, and are subject to, the terms of this Stipulation and Protective Order and that they may not be Disclosed other than pursuant to its terms.

g) Mock jury participants, provided, however, that prior to the

      Disclosure of Confidential Materials to any such mock jury participant, counsel for the Party making the Disclosure shall deliver a copy of this Stipulation and Protective Order to such person, shall explain that such person is bound to follow the terms of such Order, and shall secure the signature of such person on a statement in the form attached hereto as Exhibit A.

  h) Outside experts or expert consultants consulted by the undersigned Parties or their counsel in connection with the Proceeding, whether or not retained to testify at any oral hearing; provided, however, that prior to the Disclosure of Confidential Materials to any such expert or expert consultant, counsel for the Party making the Disclosure shall deliver a copy of this Stipulation and Protective Order to such person, shall explain its terms to such person, and shall secure the signature of such person on a statement in the form attached hereto as Exhibit A.  It shall be the obligation of counsel, upon learning of any breach or threatened breach of this Stipulation and Protective Order by any such expert or expert consultant, to promptly notify counsel for the Designating Party of such breach or threatened breach.

  i) Any other person that the Designating Party agrees to in writing. Confidential Information designated as "Highly Confidential - Attorneys' Eyes Only" (hereinafter "Attorneys' Eyes Only Material") shall be disclosed only to the persons listed in subparagraphs 9(a), (d), (g), and (i) above, unless otherwise agreed or ordered.

For the purposes of subparagraph 9(b), Attorneys' Eyes Only Material may not be shown to any member or employee of any law firm or other entity or individual who has been, is currently, or will be in the foreseeable future involved in the

negotiation of contracts on behalf of any of the Parties to this Agreement, unless the person authored the document or is identified on the face of the document as a previous recipient. Additionally, for the purposes of subparagraph 9(b), Attorneys' Eyes Only Material may be shown to in-house litigation counsel for the Parties, provided that any in-house litigation counsel to whom Attorneys' Eyes Only Material is shown is not and will not in the foreseeable future be involved in the negotiation of contracts between the Parties, and does not share the documents, or the contents thereof, with any of the Parties' directors, officers, agents, or employees who negotiate contracts between the Parties.

Attorneys' Eyes Only Material may be shown to persons under subparagraph 9(e) and (f) if the witness is an employee of the party who produced the information designated as "Highly Confidential – Attorneys' Eyes Only", if the witness is identified on the face of the document as a previous recipient, or if the party who produced the information as "Highly Confidential - Attorneys' Eyes Only" consents before such designated information is disclosed to the witness.

10. Confidential Materials shall be used by the persons receiving them only for the purposes of preparing for, conducting, participating in the conduct of, and/or prosecuting and/or defending the Proceeding, and not for any business or other purpose whatsoever.

11. Any Party to the Proceeding (or other person subject to the terms of this Stipulation and Protective Order) may ask the Court, after appropriate notice to the other Parties to the Proceeding, to modify or grant relief from any provision of this Stipulation and Protective Order.

12. Entering into, agreeing to, and/or complying with the terms of this Stipulation and Protective Order shall not:

    a) Operate as an admission by any person that any particular Document, Testimony or Information marked "Confidential" or "Highly Confidential – Attorneys' Eyes Only" contains or reflects

                    trade secrets, proprietary, confidential or competitively sensitive business, commercial, financial or personal information; or

    b)    Prejudice in any way the right of any Party (or any other person subject to the terms of this Stipulation and Protective Order):

        i.    to seek a determination by the Court of whether any particular Confidential Material should be subject to protection as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" under the terms of this Stipulation and Protective Order; or

        ii.    to seek relief from the Court on appropriate notice to all other Parties to the Proceeding from any provision(s) of this Stipulation and Protective Order, either generally or as to any particular Document, Material or Information.

13. Any Party to the Proceeding who has not executed this Stipulation and Protective Order as of the time it is presented to the Court for signature may thereafter become a Party to this Stipulation and Protective Order by its counsel's signing and dating a copy thereof and filing the same with the Court, and serving copies of such signed and dated copy upon the other Parties to this Stipulation and Protective Order.

14. Any Information that may be produced by a non-Party witness in discovery in the Proceeding pursuant to subpoena or otherwise may be designated by such non-Party as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" under the terms of this Stipulation and Protective Order, and any such designation by a non-Party shall have the same force and effect, and create the same duties and obligations, as if made by one of the undersigned Parties hereto. Any such designation shall also function as consent by such producing Party to the authority of the Court in the Proceeding to resolve and conclusively determine any motion or other application made by any person or Party with respect to such

1 designation, or any other matter otherwise arising under this Stipulation and
2 Protective Order.

3     15.    In the event any Confidential Information is or was used in any pretrial
4 or discovery proceeding in this action, it shall not lose its confidentiality through
5 such use. All pleadings, motions, oral discovery, and written discovery in this
6 Action which contain or discuss Confidential Information shall be presented only to
7 persons authorized to receive such Confidential Information under this Protective
8 Order.

9     16.    If any person subject to this Stipulation and Protective Order who has
10 custody of any Confidential Materials receives a subpoena or other process
11 ("Subpoena") from any government or other person or entity demanding production
12 of Confidential Materials, the recipient of the Subpoena shall promptly give notice
13 of the same by electronic mail transmission, followed by either express mail or
14 overnight delivery to counsel of record for the Designating Party, and shall furnish
15 such counsel with a copy of the Subpoena. Upon receipt of this notice, the
16 Designating Party may, in its sole discretion and at its own cost, move to quash or
17 limit the Subpoena, otherwise oppose production of the Confidential Materials,
18 and/or seek to obtain confidential treatment of such Confidential Materials from the
19 subpoenaing person or entity to the fullest extent available under law. The recipient
20 of the Subpoena may not produce any Documents, Testimony or Information
21 pursuant to the Subpoena prior to the date specified for production on the
22 Subpoena.

23     17.    Nothing in this Stipulation and Protective Order shall be construed to
24 preclude either Party from asserting in good faith that certain Confidential Materials
25 require additional protection. The Parties shall meet and confer to agree upon the
26 terms of such additional protection.

27     18.    If, after execution of this Stipulation and Protective Order, any
28 Confidential Materials submitted by a Designating Party under the terms of this

Stipulation and Protective Order is Disclosed by a non-Designating Party to any person other than in the manner authorized by this Stipulation and Protective Order, the non-Designating Party responsible for the Disclosure shall bring all pertinent facts relating to the Disclosure of such Confidential Materials to the immediate attention of the Designating Party.

19. This Stipulation and Protective Order is entered into without prejudice to the right of any Party to knowingly waive the applicability of this Stipulation and Protective Order to any Confidential Materials designated by that Party. If the Designating Party uses Confidential Materials in a non-Confidential manner, then the Designating Party shall advise that the designation no longer applies.

20. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. If a Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

21. This Protective Order shall be considered a Qualified Protective Order complying with 45 C.F.R. § 164.512(e)(l)(v)(A) and (B) and authorizing disclosure of protected health information pursuant to 45 C.F.R. § 164.512(e)(l)(iv)(A). Notwithstanding state or federal law limiting a Producing Party's authority to disclose protected health information, the Producing Party is permitted to release protected health information in its possession in response to a discovery request, provided that such a request otherwise complies with the requirements of the California Code of Civil Procedure. The parties may not use or disclose Confidential Health Information produced in this action for any purpose in any other action. Confidential Health Information shall be subject to all other provisions of this Protective Order.

22. The Parties shall meet and confer regarding the procedures for use of

Confidential Materials at trial and shall move the Court for entry of an appropriate order.

23.     In the event additional parties join or are joined in this action, they shall not have access to Confidential Information until the newly joined party has executed and filed with the Court its agreement to be fully bound by this Protective Order.

24.     Nothing in this Stipulation and Protective Order shall affect the admissibility into evidence of Confidential Materials, or abridge the rights of any person to seek judicial review or to pursue other appropriate judicial action with respect to any ruling made by the Court concerning the issue of the status of Protected Material.

25.     This Stipulation and Protective Order shall continue to be binding after the conclusion of this Proceeding and all subsequent proceedings arising from this Proceeding, except that a Party may seek the written permission of the Designating Party or may move the Court for relief from the provisions of this Stipulation and Protective Order. To the extent permitted by law, the Court shall retain jurisdiction to enforce, modify, or reconsider this Stipulation and Protective Order, even after the Proceeding is terminated.

26.     All Confidential or Highly Confidential – Attorneys' Eyes Only Documents or information, whether or not subject to the provisions of HIPAA, shall be returned or destroyed upon the conclusion of this litigation, either through the settlement of the case, the dismissal of the case, or the entry of a Final Order (i.e., an Order not subject to further appeal).  Those Confidential or Highly Confidential – Attorneys' Eyes Only Documents or information that are subject to HIPAA shall also be returned or destroyed upon the conclusion of this litigation, either through the settlement of the case, the dismissal of the case, or the entry of a Final Order (i.e., an Order not subject to further appeal), as required by 45 C.F.R. § 164.512(e)(1)(v).

27. After this Stipulation and Protective Order has been signed by counsel for all Parties, it shall be presented to the Court for entry. Counsel agree to be bound by the terms set forth herein with regard to any Confidential Materials that have been produced before the Court signs this Stipulation and Protective Order.

28. The Parties and all signatories to the Certification attached hereto as Exhibit A agree to be bound by this Stipulation and Protective Order pending its approval and entry by the Court. In the event that the Court modifies this Stipulation and Protective Order, or in the event that the Court enters a different Protective Order, the Parties agree to be bound by this Stipulation and Protective Order until such time as the Court may enter such a different Order. It is the Parties' intent to be bound by the terms of this Stipulation and Protective Order pending its entry so as to allow for immediate production of Confidential Materials under the terms herein.

29. This Protective Order may be amended or modified only by further order of the Court upon written stipulation of the Parties or, if the Parties have a disagreement regarding potential amendment or modification, by application to the Court. The obligations imposed by the Protective Order shall survive the termination of this action.

30. This Order is entered pursuant to Federal Rule of Evidence 502(d) and (e). Inadvertent production of materials that the Producing Party later claims in good faith should not have been produced because of a privilege, including but not limited to the attorney-client privilege or work product doctrine ("Inadvertently Produced Privileged Information"), will not by itself constitute a waiver of any applicable privilege. When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in this Order and in Federal Rule of Civil Procedure 26(b)(5)(B). Within a reasonable period of time after a Producing Person discovers (or upon receipt of notice from another

Party) that it has produced Inadvertently Produced Privileged Information, the Producing Person shall request the return of such Inadvertently Produced Privileged Information by identifying in writing the materials inadvertently produced and the basis for withholding such materials from production. If a Producing Party requests the return of Inadvertently Produced Privileged Information pursuant to this paragraph, the Receiving Party must immediately take all commercially reasonable steps to return or destroy the Inadvertently Produced Privileged Information (and copies thereof) and shall take all commercially reasonable steps to sequester or destroy any work product that incorporates the Inadvertently Produced Privileged Information. If the Receiving Party disputes the privilege claim, it must notify the Producing Person of the dispute and the basis therefore in writing within ten (10) days of receipt of the Producing Person's notification. Other than for an *in camera* review in connection with seeking a determination by the Court, the Receiving Party may not use or disclose any Inadvertently Produced Privileged Information until the dispute is resolved. The Parties will thereafter meet and confer regarding the disputed privilege claim. If the Parties cannot resolve their dispute, either Party may seek a determination from the Court regarding whether the privilege applies. The Producing Person must preserve the Inadvertently Produced Privileged Information and the Receiving Party may not use the Inadvertently Produced Privileged Information for any purpose until the dispute is resolved. This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review.

**FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.**

DATED: August 17, 2020

_____
HON. DOUGLAS F. MCCORMICK
United States Magistrate Judge

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ **[full name]**, of _____ **[full address]**, declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on [_____] in the case of *In re: Out of Network Substance Use Disorder Claims Against UnitedHealthcare*, Case No. 8:19-cv-02075-JVS(DFM). I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint _____ **[full name]** of _____ **[full address and telephone number]** as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where signed: _____

Printed Name: _____

Signature: _____