UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | SA CV 19-2075-JVS (DFMx) | Date: | September 13, 2021 |
|---|---|---|---|
| Title | In re: Out of Network Substance Use Disorder Claims against UnitedHealthcare | | |

| Present: The Honorable | Douglas F. McCormick, United States Magistrate Judge | |
|---|---|---|
| Nancy Boehme | | Not Present |
| Deputy Clerk | | Court Reporter |
| Attorney(s) for Plaintiff(s): | | Attorney(s) for Defendant(s): |
| Not Present | | Not Present |

**Proceedings:** (IN CHAMBERS) Order re: United's Motion to Compel (Dkt. 109)

    Defendants move for an order compelling the Band 1 Plaintiffs to produce documents and provide supplemental responses to two documents requests and two interrogatories. See Dkt. 109. I find that the parties' submissions enable me to decide this matter without oral argument and take off calendar the hearing noticed for September 14, 2021. See Local Rule 7-15.

    RFP No. 3 and Interrogatory No. 9 seek documents and information about payments made to Plaintiffs by any source for Phase 1 Patient Claims such as co-pays, co-insurance, or deductibles. RFP No. 2 and Interrogatory No. 5 seek documents and information about exhaustion of administrative remedies.

    Plaintiffs' position on these discovery requests is plagued by double-speak. On the one hand, Plaintiffs tell the Court that they have "produced all responsive documents" and "did not withhold any documents." Dkt. 110 ("Joint Stip") at 16; see also id. at 30 ("All responsive documents were produced"). But shortly after making these statements, Plaintiffs argue that Defendants "ignore[d]" their meet and confer efforts. A review of those efforts shows Plaintiffs taking the position, as one example, that Defendants' requests seek information that is "totally irrelevant." Dkt. 110-1 at 117. And then Plaintiffs go on to argue in their portion of the joint stipulation that Defendants seek information that is not proportional to the needs of the case, as the burden and expense of the discovery outweighs its likely benefit. See Joint Stip at 21-22, 31-32.

    So which is it? Have Plaintiffs produced all responsive documents? Or, notwithstanding Plaintiffs' explicit representation to the contrary ("Plaintiffs did not withhold any documents"), have responsive documents been withheld? Candidly, I don't know. And I shouldn't have to guess. A party must make its position clear, especially when it is the party resisting discovery. See

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

DIRECTV, Inc. v. Trone, 209 F.R.D. 455, 458 (C.D. Cal. 2002) ("The party who resists discovery has the burden to show that discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections."). The Federal Rules require that a responding party must state whether it is withholding documents based on its objections. See Fed. R. Civ. P. 34(b)(2)(C) ("An objection must state whether any responsive materials are being withheld on the basis of that objection."). Finally, an effort to withhold documents based on the contention that the production of those records would not be proportional to the needs of the case must be supported by evidence, not the conclusory assertions of counsel. See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("[G]eneral or boilerplate objections such as 'overly burdensome and harassing' are improper -- especially when a party fails to submit any evidentiary declarations supporting such objections.") (citations omitted). And it's especially hard to see how any argument about proportionality could be persuasive here, given that the discovery at issue is limited to Band 1, Phase I patients.

      Defendants' motion is accordingly GRANTED. Band 1 Plaintiffs are ORDERED to produce all responsive documents to Defendants within 28 days of the date of this order and provide a supplemental response to RFP Nos. 2 and 3 that states that the production of all documents has been completed. Band 1 Plaintiffs are further ORDERED to provide a supplemental response to Interrogatory Nos. 5 and 9 within 28 days of the date of this order.